Parker, J.
As to the two instalments which had fallen due at the commencement of the action, the plaintiff is undoubtedly entitled to recover, if the promise is well laid. I think what follows the recital of the promise in the declaration may be rejected as surplusage, and that we can give judgment for the plaintiff according to the right of the case.
Sewall, J., concurred.
Sedgwick, J.
Here is shown substantially, and even technically, a good cause of action, it is true,' the plaintiff goes on to allege other facts, and to draw from them a legal [ * 284 ] * inference. But the allegation and inference • are alike impertinent. The general demurrer (and this is no/hing more) agrees all facts which are well and sufficiently *263 pleaded. The promise and breach being well alleged, the rest is surplusage. Judgment may be given for the two instalments which were due at the date of the writ.
Everett for the plaintiff.
Thurston for the defendant.
Parsons, C. J.
Without question the plaintiff had a right of action, on the first instalment falling due. I have known an (1) action sustained for the interest only, where the time for payment of the principal had not arrived. If this is a general demurrer, I agree with my brethren that the plaintiff may have judgment for the two sums due. The two causes of demurrer assigned not existing in the record, it must, as to this exception, be taken for a general demurrer only, and the subsequent allegations be considered as surplusage. (a)
Thatcher, J., not present.

Judgment for plaintiff.

 Greenleaf vs. Kellogg, in Essex.

 Eastabrook vs. Moulton, 9 Mass. Rep. 25.