JOHN H. BURRASS, appellant, *v.* JOSEPHUS HEWETT, appellee.

*Appeal from Greene.*

Where two distinct matters of defence are set up in one plea, it is bad for duplicity. A plea to an action on a promissory note, by an assignee, which alleges a failure of consideration, and that the plaintiff is not a *bona fide* purchaser of the note, but "that he is made to appear plaintiff, to deprive the defendant of his just and lawful grounds of defence," is bad for duplicity.

THIS was an action by *petition and summons*, brought by the appellant against the appellee, and one Wm. D. Buzby, in the Greene Circuit Court, on a sealed note, dated August 22, 1839, payable to Minor S. Young, twelve months after date, for $800, and assigned by Young to the plaintiff. The defendant filed several pleas, all of which were withdrawn except the fourth, which was as follows:

" And for further plea in this behalf, by leave of the Court, &c., the said defendant, Josephus Hewett, says, the said plaintiff *actio non*, because he says, that the said note in plaintiff's petition mentioned, was made by him, the said defendant, to the said Minor S. Young, on the day of the date thereof, to secure the payment of a certain sum of money, to wit: the sum of $450, which was lent by the said Minor S. Young to said William D. Buzby, and for no other consideration whatsoever was the said note made. And at the time of the making of said loan by Minor S. Young, as aforesaid, and in the execution of said note in said plaintiff's petition mentioned, it was expressly agreed and stipulated between the said Young and the said defendant, as follows, to wit: That the said Minor S. Young was to pay the sum of $450 to the said defendant, to be by him paid to one James P. Combs, for the use and benefit of the said William D. Buzby ; and the said defendant, on his part, was to execute to said Minor S. Young, his note for the sum of money specified in the said petition, (which said note was accordingly executed by said defendant to said Minor S. Young, and is the same in said petition mentioned) and the said Young was, according to the terms of said agreement, to present the said note to said William D. Buzby, and to take a note from him to said Young, for the same amount, and the said first mentioned note was to have been delivered up to this defendant. And it was also then and there expressly stipulated and agreed, by and between the said Young and this defendant, that he, the said defendant, was not in any way to be bound for the said sum of money, after making the payment to said Combs, as aforesaid ; and that the said Buzby was to execute a new note for the amount of said note, and not to sign the note first mentioned as a security or otherwise. And this defendant avers that he did pay the said sum of $450 to the said James P. Combs, on the day and at the place of the execution of said note ; and the said defendant further saith, that the said Minor S. Young, not regarding the said agreement, fraudulently and with intent to deceive and defraud this defendant, did procure the said William D. Buzby to sign the said first mentioned note as a security, and which is the same note as that in the plaintiff's petition mentioned, and has utterly and entirely refused to deliver up said note, according to said agreement, although often requested so to do, or to release this defendant from the payment thereof, as by the tenor and effect he was bound to do. And this defendant further avers, that the said John H. Burrass is not a *bona fide* purchaser of said note in the said petition mentioned ; that he has not given any thing for it ; and that he is made to appear as plaintiff in said suit, from which he is to derive no benefit in any event, to deprive the said defendant of his just and lawful grounds of defence. And this he is ready to verify ; wherefore he prays judgment," &c.

The plaintiff demurred specially to the above plea, and assigned the following causes of demurrer :

" 1.  That it is double ;

" 2.  That it is not signed by the defendant or his attorney ;

" 3.  That it should conclude with a failure of consideration ;

" 4.  That the plea is in other respects informal and insufficient."

The Court overruled the demurrer, and gave judgment for the plaintiff for $800 debt, and $111.48 damages.

The cause was heard at the October term, 1840, of the Greene Circuit Court, before the Hon. Wm. Thomas.

S. T. LOGAN, for the appellant.

A. T. BLEDSOE, for the appellee.

SMITH, Justice, delivered the opinion of the (old) Court: (1)

The question presented in this case for consideration is one of pleading.

The defendant, Hewett, in the Circuit Court, pleaded several pleas, all of which were withdrawn but the fourth.  To this the plaintiff interposed a special demurrer, and assigned four separate causes of special demurrer ; but one of these, however, is necessary to be examined, to determine the question presented.  This assigns duplicity as the ground of objection, and it seems to be well taken.  The plea is in the matters of defence stated, both prolix and ambiguous.  The first ground relates to the conditions on which the note was signed and delivered ; with this ground is also coupled the distinct and substantive averment, that the plaintiff is not the legal holder of the note sued on, and is not the beneficial plaintiff, but that his name is used collusively, and for a fraudulent purpose, to defeat the defence of the defendant, Hewett.

There are clearly two distinct matters of defence set up in this special plea ; and there is no doubt, therefore, that it is double.

Let the judgment on the demurrer be reversed, the cause remanded, with instructions to the Circuit Court, to enter judgment for the plaintiff in the Court below, on the demurrer, and judgment of *respondeas ouster ;* the plaintiff in error to recover his costs in this Court.

*Judgment reversed.*

A. T. BLEDSOE, for the appellee, petitioned the Court for a rehearing ; and, in support of said petition, submitted the following points and authorities :

*First.*  Although the demurrer in this case states that the plea is double, it is nothing more than a general demurrer.  1 Chit. Plead. 579 ; Com. Dig. Pleader, Q. 9 ; Gould's Plead. 466 § 16 ; 2 Mass. 283–4 ; 1 Salk. 219 ; 1 Saund. 160, note ; *Ibid.* 137, note 3 ; 1 Wilson 219 ; 10 East 79.

(1) LOCKWOOD, Justice, was not present at the argument of this cause, and gave no opinion.

*Second.* The Court cannot notice duplicity unless there is a special demurrer. The Court should regard no such imperfection, unless it is "specially and particularly set down and shown for cause of demurrer;" or, in other words, unless the very things which constitute the duplicity are pointed out and set down in the special demurrer. R. L. 67; Gale's Stat. 52; Gould's Plead. 220 § 99; *Ibid.* 466 § 16; 1 Chit. Plead. 457. Indeed, duplicity is the only defect of form which could not be reached by a general demurrer at common law. 1 Chit. Plead. 701; 11 East 565.

*Third.* The plea was not double, (for the reason assigned by the Court.) The allegation that the note was assigned without consideration, was indispensable to let in the defence as against the assignee; and hence it does not render the plea double. Gould's Plead. 424 § 9; 1 Chit. Plead. 260.

*The petition was disallowed.*