### DANIEL BURNHAM *versus* DANIEL BROWN.

When a note is made payable in several annual payments, the cause of action for the first payment accrues so soon as it becomes payable, and the statute of limitations begins to run against it from that time, and not from the time when the latest sum should be paid.

ASSUMPSIT upon a promissory note, of which the following is a copy.

" $375. May 20, 1835. For value received I promise to pay Daniel Burnham or order three hundred and seventy-five dollars, with interest annually, payable in three yearly equal payments.  " Daniel Brown."

The suit was commenced Dec. 5, 1842. The statute of limitations was pleaded as a bar to the recovery of the first yearly payment and the interest for the first year. The defendant was defaulted, subject to the opinion of the Court, whether the recovery of any part of the note was barred by the statute of limitations; and of what part, if any.

*W. Goodenow,* for the plaintiff, admitted that an action could have been maintained for the first payment and the first year's interest, at any time before the residue of the note became payable; but said it was quite as well settled, that after the last payment became due, only one action must be brought, and that must be for the whole amount, and not an action for each instalment. After the note becomes wholly due, the right of action for the first instalment is extinguished, and a new one for the whole amount accrues. The statute of limitations is no bar to this last promise to pay the whole amount of the note.

*Howard & G. F. Shepley*, for the defendant, said that when the first payment became due, the plaintiff's cause of action for that amount, and for the annual interest, accrued. The right was as perfect, as if each payment had been in a separate and distinct note. And the same difficulty, which is urged now, that one suit must cover the whole payments, would have applied then. But one suit could have been commenced, after each had fallen due, unless at the plaintiff's own expense. The plaintiff's own delay cannot prevent the operation of the statute. The statute may as well be objected to this as to some of the items of an account, where part are within and part beyond six years.

The opinion of the Court was drawn up by

TENNEY J. — The note in suit was made payable in three yearly instalments; and this action was commenced after the expiration of six years from the time, when the first became due; and it is insisted by the defendant, that the statute of limitations upon which he relies, will apply to the first instalment.

The statute provides, that actions founded on contract shall be commenced within six years next after the cause of action shall accrue and not afterwards. Stat. 1821, c. 62, § 7; Rev. Stat. c. 146, § 1. Did the cause of this action, so far as its object is for the recovery of the first instalment, accrue within six years before its commencement? The cause of an action of assumpsit is a promise, and its breach.

The promise in the note declared on is entire, but to be performed at different times, applying equally to every payment to be made. It was broken immediately on an omission to pay the first instalment, at the time specified in the note, as much as by the failure to fulfil the whole promise after every instalment became due. For this breach, before the others occurred, an action could have been maintained. The declaration would have been upon the promise, and the omission to fulfil it, in such an action, as it would have been for all the breaches, after they had been made. The right to maintain

such a suit is well established. In *Tucker* v. *Randall*, 2 Mass. R. 283, which was an action upon a note payable in several instalments, for the recovery of the whole amount, commenced after a part, but before all the instalments became due, Mr. Justice Sedgwick says, "the promise and breach being well alleged, the rest is surplusage," and judgment was rendered for the instalments payable before the date of the writ. Mr. Chitty, in his treatise on Bills, p. 662, says, "the plaintiff is entitled to judgment for the instalments due, when the action was commenced." *Cooley* v. *Rose*, 3 Mass. R. 226, and *Hastings* v. *Wiswell*, 8 Mass. R. 455, were actions for interest, which accrued before the principal became due, and were maintained.

It is insisted in behalf of the plaintiff, that the promise being entire and to pay a single debt, though at different times, the right of action for the first breach is not a permanent right; and as a distinct right, ceases, when other instalments in the same note become payable. If it be true, that the cause of action does not stand alone, and distinct, after other causes arise, or the original cause is enlarged, the first cause is not suspended; it remains unimpaired, notwithstanding another may be joined with it. There has been no time, when an action could not be maintained upon it, from the time it accrued.

Suppose the second and third instalments had been promptly paid, and indorsed as such, and this action had been brought upon the note, would not the statute of limitations be a bar? And does the liability on the first depend upon a liability upon the second and third?

If a tender had been pleaded in this action to the two last instalments, and the statute of limitations to the first, and the former had been proved, and kept good, we apprehend, the action would be entirely barred. By omitting to bring an action for the first payment, till all became due, the time may be shortened within which the action for the whole can be commenced without exposure to be barred by the statute, but this consequence is to be imputed to the parties who make

such a contract, and also to the holder thereof, who exercises an indulgence to his debtor, which neither the contract or the law requires.

*Judgment for the two last instalments*
*and interest thereon.*