## Bush *versus* Stowell *et al.*

1. In assumpsit on a note payable in instalments, an action may be maintained on each as it becomes due; the statute therefore began to run as soon as such instalment became due.

2. A payment or acknowledgment by one of several joint debtors will not avoid the bar of the statute as to the others.

3. In an action of assumpsit against four on a joint note payable by instalments, one of which had become due within six years, two pleaded the statute; and there was an acknowledgment by one as to the whole; the verdict was for the plaintiff for the whole, "for $692 whereof and no more two of the defendants D. and H. are liable." On error by the plaintiff, *held*, that no injury had been done him; the judgment on the verdict was affirmed.

4. The instruction of the court should have been to find against all the defendants for the amount of the last instalment.

March 11th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Tioga county:* Of January Term 1871, No. 382.

This was an action of assumpsit, brought May 22d 1865, by Alvah C. Bush against Hezekiah Stowell, D. A. Stowell, Thomas P. Stowell and Hezekiah Stowell, Jr.

The cause of action was the following note :—

" $1556.95.

For value received, we jointly and severally promise to pay A. C. Bush, or order, fifteen hundred and fifty-six dollars and ninety-

[Bush *v.* Stowell.]

five cents and interest, (viz.), one-fourth part of the principal and the interest on the whole sum, on the first of June next, and the balance in three equal yearly payments, on the first of June in each year with annual interest on the whole sum. November 20th 1855.　　　　　　　　　　　　　HEZEKIAH STOWELL,
　　　　　　　　　　　　　　　　　　　D. A. STOWELL,
　　　　　　　　　　　　　　　　　　　THOS. P. STOWELL,
　　　　　　　　　　　　　　　　　　　H. STOWELL, JR.''

On which were the following endorsements :—

"Received on the within note, June 4th 1856, fifty dollars."

"$24.11. Receipt given Dec. 6th 1855, for error in calculating interest on old note, twenty-four dollars and eleven cents."

"$200. Received on the within two hundred dollars, May 3d 1862."

Hezekiah Stowell did not appear. Thomas P. Stowell pleaded non assumpsit, &c. : the other defendants pleaded non assumpsit and the Statute of Limitations.

There was evidence of a promise by D. A. Stowell in 1867, to pay the debt, and evidence also to the contrary.

It appeared that the payment of $200 had been made by Hezekiah Stowell.

The plaintiff asked the court to charge :—

1. That the Statute of Limitations does not bar the right of the plaintiff to recover the amount of the principal and interest due upon the promissory note upon which suit is brought in this case.

The defendants requested the court to charge :—

1. That a partial payment on a promissory note by one of several joint and several debtors, not partners at the time, will not avoid the bar of the Statute of Limitations as respects the other parties.

6. That an acknowledgment of the debt or promise to pay after suit brought, will not so revive the claim as to permit the plaintiff to recover on a claim barred by the Statute of Limitations when the action was commenced.

7. In an action on a joint and several note, when all are sued jointly, a defence for one is a defence for all, and as no evidence of acknowledgment of the debt or promise to pay has been given in this case, that can operate to prevent the running of the Statute of Limitations in favor of H. Stowell, Jr., one of the defendants, the plaintiff can recover in this case only the last instalment of the note claimed on by the plaintiff, all the other instalments having been barred by the statute before suit brought.

The court (Williams, J.) charged :—

"Plaintiff's 1. We cannot affirm this point. We think the Statute of Limitations does bar the plaintiff's right to recover so much of principal and interest as fell due and was demandable more than six

[Bush *v.* Stowell.]

years before this suit was brought.   Upon this subject we instruct that the note sued on, was payable by instalments annually.   For each instalment, upon its maturity, the plaintiff had a right of action at law.   The Statute of Limitations was intended to operate and does operate upon the right of action.   Six years after the right of action accrues, the Statute of Limitations suspends it.   Six years, therefore, after the first instalment fell due the plaintiff's right of action was barred as to that instalment.   So is the law also, as to all the instalments.

"Three of these instalments had fallen due more than six years before suit was brought.   The fourth instalment had not.   As to the three instalments, the plaintiff's right to recover in this case depends on the evidence given to prove a new promise to pay. As to the 4th instalment the plaintiff's right to recover is clear and beyond question. * * *

"We affirm defendants' 1st point.

"The 6th point we understand as equivalent to the statement that a plaintiff must have a cause of action before suit brought.   If the statute be pleaded, and a new promise is relied as a reply to the plea, the evidence must show a promise before suit brought. Declarations of the same sort, after suit brought, would not show a cause of action in the plaintiff until they were made.   They would not therefore alone sustain a suit previously brought.

"The 7th point seems to contain two propositions:   1st.   That there can be no recovery against any one in this case, unless against the whole number of defendants named, and for the same sum.   We think this is correct so far as it relates to cases in which the defence is made upon the general issue, but not true, as applicable to cases in which the defendants sever in their pleadings and set up distinct special defences.   The defendants who plead the statute have a right to do so.   Those who decline to do so, have as unquestionable a right to put their defence upon the general issue.   The plaintiff is not to be injured by such diversity of purpose and pleading among defendants.   Nor are part of the defendants to be precluded from availing themselves of the Statute of Limitations, because their co-defendants do not choose to set up the same defence.   So much of this point, as relates to the position of H. Stowell, Jr., under the pleadings we think is correct.

"It follows then that the plaintiff has a right to recover the amount of the last instalment, at all events, and as to all the defendants.   He has a right to recover the whole sum, as to Hezekiah Stowell, if the evidence relating to payment made by him be believed and it is not controverted.

"He has a right to recover the whole sum as to Thomas P. Stowell.

"As to H. Stowell, Jr., no evidence of a new promise or ac-

[Bush v. Stowell.]

knowledgment has been given.    As to him the statute is therefore a bar as to all but the last payment.

" D. A. Stowell is liable for the last instalment, at all events, and for the whole sum, if he made a promise to pay in 1864, as J. S. Bush testifies.

" Your verdict, therefore, will be for the plaintiff for the amount of note and interest against Hezekiah Stowell and Thomas P. Stowell.

" If you believe a new promise to have been made, it will be also against D. A. Stowell for the whole amount, otherwise D. A. Stowell and H. Stowell, Jr., will be liable only for the last instalment and interest thereon from its maturity to this date."

The jury returned this verdict :—

" That they find in favor of the plaintiff the sum of $2681.93— for the sum of $692.57 whereof, and no more, two of the defendants, viz., D. A. Stowell and Hezekiah Stowell, Jr., are liable."

The plaintiff took out a writ of error, and in several specifications assigned for error the charge of the court in answer to the foregoing points of the parties.

*J. W. Maynard* (with whom were *F. E. Smith* and *M. Seymour*), for plaintiff in error.—Until *all* the instalments were due, the plaintiff had not a complete cause of action : Comyn on Contracts 79 ; Act of March 27th 1713, § 1 ; 1 Sm. L. 76 ; 2 Br. Purd. 930, pl. 18 ; Carlon v. Kenealy, 12 M. & W. 139 ; 2 Pars. on Notes 644.    The payment made within six years avoids the bar as to all : Burr v. Burr, 2 Casey 284 ; Balliet v. Fink, 4 Id. 266 ; Huff v. Richardson, 7 Harris 388 ; Suter v. Sheeler, 10 Id. 308 ; Whitcomb v. Whiting, Douglas 629 ; Jackson v. Fairbank, 2 H. Bl. 340.    As to answer to defendants' 6th point, they cited Levy v. Cadet, 17 S. & R. 126 ; 1 Selwyn's N. P. 110 ; Danforth v. Culver, 11 Johns. R. 146 ; Lawrence v. Hopkins, 13 Id. 288. The latter part of the verdict was beyond the authority of the jury, and therefore surplusage : 7 Bac. Abr. 4, 16, 21 ; Taylor v. Willes, Cro. Car. 219 ; Inkersalls v. Samms, Id. 219 ; Cavene v. McMichael, 8 S. & R. 441 ; Eve v. Wright, Cro. Car. 75.

*H. Sherwood*, for defendants in error.—Coleman v. Fobes, 10 Harris 156.

The opinion of the court was delivered, March 21st 1872, by

SHARSWOOD, J.—Lord Coke announced the distinction between actions of debt and of covenant or assumpsit upon an agreement to pay a sum of money by instalments, which has been recognised and followed since : "If a man be bound in a bond or by contract to another to pay a hundred pounds at five several days, he shall not have an action of debt before the last day be passed."    " But

[Bush *v.* Stowell.]

if a man be bound in a recognisance to pay a hundred pounds at five several days, presently after the first day of payment he shall have execution upon recognisance for that sum, and shall not tarry till the last be past, for that it is in the nature of several judgments." "And so it is of a covenant or promise, after the first default an action of covenant or an action upon the case doth lie, for they are several in their nature:" Co. Litt. 292 b. Lord Loughborough reviewed all the law on this subject in Rudder *v.* Price, 1 H. Bl. 547, in which it was held that an action of debt will not lie on a promissory note, payable by instalments, till the last day of payment be past. He shows that prior to the case of Cooke *v.* Whorwood, 2 Saund. 337, it was the uniform course where an action of assumpsit was brought before all the instalments were due, to allow a recovery in damages for those still to accrue and come due, upon the notion that after a judgment on the contract no further recovery could be had : Beckwith *v.* Nott, Cro. Jac. 504; Peck *v.* Ambler, Dyer 113 and note; Milles *v.* Milles, Cro. Car. 241. But in Cooke *v.* Whorwood, which was assumpsit to perform an award to pay money in instalments, it was objected that all the days of payment were not past; but the Court of King's Bench, Sir Matthew Hale being then Chief Justice, was clear that the action might be brought for such money only as was due at the time of bringing the action, and the plaintiff could recover damages accordingly; and when another sum of the money awarded should become due, the plaintiff might commence a new action for that also, and so *toties quoties*. The law must be now considered as settled in conformity to this doctrine : Tucker *v.* Randall, 2 Mass. 283; Greenleaf *v.* Kellogg, Id. 568; Cooley *v.* Rose, 3 Id. 221.

If then the plaintiff could have maintained a suit for the first instalment in this case immediately after it fell due, his cause of action then accrued, and the Statute of Limitations began to run. It is unnecessary to inquire what the law would have been if this had been an action of debt, and the plea *actio non accrevit infra sex annos;* for, as we have seen, an action of debt could not have been maintained on this promissory note until after all the instalments had fallen due. But being assumpsit, there would seem to be no question that, as to the first instalment, the action was barred : Burnham *v.* Brown, 23 Me. 400; 2 Pars. on Cont. 373.

Nor is it any longer open to question that a payment on account or an acknowledgment by one of two or more joint debtors will not take the case out of the statute as to the others : Coleman *v.* Fobes, 10 Harris 156; Levy *v.* Cadet, 17 S. & R. 126; Searight *v.* Craighead, 1 Penna. Rep. 135; Houser *v.* Irvine, 3 W. & S. 345; Schoneman *v.* Fegley, 7 Barr 433.

What then is the effect of this rule when applied in a joint action against several joint debtors? Certainly not that it shall

[Bush v. Stowell.]

sever the judgment, which in a joint action *ex contractu* would be an anomaly. In such a proceeding if evidence is offered of an acknowledgment or payment by one only of the defendants, it is strictly inadmissible, unless indeed offered to be followed by a similar acknowledgment or payment by the others, which would be sufficient to take the case out of the statute as to all. It follows that in this case the jury should have been instructed to find for the plaintiff as against all the defendants only the amount of the second instalment and interest. Whether the plaintiff could maintain an action against those not affected by the bar of the statute in consequence of their acknowledgment or payment for the first instalment, need not now be discussed, nor on what principle contribution between the joint debtors is to be regulated. Sufficient for the day is the evil thereof. Upon a writ of error by the defendants, the verdict and general judgment entered on the verdict could not have been sustained. It is in effect several judgments in a joint action. We must assume that the defendants acquiesce, as they do not complain. But what injury has been done to the plaintiff in error? He has in his joint action, by the verdict and judgment below, all the benefits which he could possibly have attained had he brought several actions against each defendant. It would evidently be an injury to him to reverse this judgment, and send the case back for another trial, which must result in a verdict and judgment against all for the less sum, leaving the plaintiff to pursue his separate remedies against those as to whom the bar of the statute is saved.

Judgment affirmed.

THOMPSON, C. J.—As applicable to the case in hand, I dissent.