## GRIFFIN *v.* MACON COUNTY.

(*Circuit Court, E. D. Missouri, N. D.* December 5, 1888.)

LIMITATION OF ACTIONS—RUNNING OF THE STATUTE—COUNTY BONDS—INTEREST COUPONS.

When an installment of interest due on a municipal bond cannot be recovered by a suit on the coupon by reason of lapse of time since the coupon matured, the same installment of interest cannot be recovered along with the principal debt in a suit on the bond.

At Law. On submission.

Action by Bradley A. Griffin against Macon county, Missouri, on county bonds.

*Cunningham & Elliot*, for plaintiff.

*R. G. Mitchell*, for defendant.

THAYER, J    Plaintiff brings suit on six bonds, executed by Macon county.    They bear date January 1, 1870, and matured January 1, 1882. In the body of the bond it is recited that the county will pay interest "at ten per cent. per annum, which interest shall be payable semi-annually, on the presentation of the coupons hereto annexed." All of the coupons originally attached to the bonds have been detached, except those which matured on and after July 1, 1878.    In the first count of the petition plaintiff demands judgment for the principal sum due on the six bonds, and also interest thereon at 10 per cent. per annum, from January 1, 1870, to January 1, 1878, and from January 1, 1882, to the date of rendition of judgment.    The coupons that matured after January 1, 1878, and up to the maturity of the bonds, are sued on in the second count of the petition.    This suit was filed on April 20, 1888.    It will be observed, therefore, that all the coupons on the bonds in question which matured on and prior to January 1, 1878, were more than 10 years overdue when the said suit was filed, and for that reason an action on the coupons is barred by limitation.    By suing on the bonds, and demanding judgment for the principal sum, together with all interest that accrued thereon up to January 1, 1878, the plaintiff seeks to avoid a plea of the statute of limitations, which could have been successfully interposed if he had declared on the coupons.    *Huey* v. *Macon Co.*, 35 Fed. Rep. 481, and cases cited.

The point to be determined is whether such overdue interest can be recovered by declaring for it in a suit on the bonds, notwithstanding the fact that it could not be recovered by a suit on the coupons?    The point is novel, and, so far as I am advised, has never been expressly determined.    In several well-considered cases it has been held that, when money due on a note or bond is made payable by installments, the statute of limitations begins to run against each installment from the time it matures.    *Bush* v *Stowell*, 71 Pa. St. 208; *Burnham* v. *Brown*, 23 Me. 400; *Estabrook* v. *Moulton*, 9 Mass. 258; *Heywood* v. *Perrin*, 10 Pick. 228.    But Mr. Wood in his work on "Limitation of Actions" says that, "with singular inconsistency" it has been held in some cases that interest made payable annually is not subject to the same rule: that the statute does not run against interest installments payable annually, until the principal debt matures.    Wood, Lim. § 126, p. 296.    In my opinion, there is no distinction in principle between a debt payable by installments and interest payable annually or semi-annually in installments. If the statute begins to run in the former case as soon as an installment of the debt matures, for equally good reasons it ought to run against interest installments as soon as they become payable.    It is worthy of note that the few cases cited by Mr. Wood as holding that the statute of limitations will not run against interest installments until the principal matures, were suits upon notes or bonds to which no interest coupons were attached.    Separate contracts to pay installments of interest at stated intervals were not annexed to the obligation to pay the debt.    *Vide Bank* v. *Doe*, 19 Vt. 463; *Henderson* v. *Hamilton*, 1 Hall, 314; *Ferry* v. *Ferry*, 2 Cush. 92.    The rulings made in the cases last mentioned appear to have

been based on the ground that interest is a mere incident of a debt, and is so inseparably connected therewith that it may be recovered in connection with the debt when it matures; no matter for how long a period it has been overdue. By this was meant, I suppose, that the stipulation with reference to interest in the cases then under consideration formed an inseparable part of the promise or obligation to pay the principal debt. But if, as in the present case, the parties to a note or bond make independent stipulations as to interest, and put such stipulations in the form of negotiable coupons, which may be detached from the bond, and are intended to be detached and negotiated, no reason is perceived why the statute of limitations should not run, as soon as they mature, against all such installments of interest as are represented by such interest coupons. It appears to me that it would be extremely technical, as well as illogical, to say that the statute of limitations runs against the promise contained in a coupon from the date of its maturity, but does not run against the same promise contained in the bond until the bond matures. In view of the fact that it has been held that the same period of limitation applies to a coupon that applies to a bond,—that they are contracts of equal dignity,—the true doctrine is no doubt that, when an action to recover a given installment of interest cannot be maintained on a coupon by reason of lapse of time, such installment cannot be recovered by a suit on the bond. *City* v. *Lamson,* 9 Wall. 482; *City* v. *Butler,* 14 Wall. 296. The views here expressed are incidentally confirmed by the decision in *Clark* v. *Iowa City,* 20 Wall. 586, although it is true that the precise question now before the court was not involved in that case. It was there held that coupons, when severed from municipal bonds, are negotiable, and pass by delivery, and that, when so severed, they cease to be mere incidents of the bonds, and become independent claims. It was further held that, though bonds are canceled or paid before maturity, such coupons as are at the time outstanding in the hands of third parties do not lose their validity, but may be collected by the holder for value. If outstanding unpaid coupons are not extinguished by the cancellation, payment, or surrender of the bonds to which they pertain, it is manifest that the interest which accrues from time to time on bonds with interest coupons annexed is not a mere incident of the debt, and is not so inseparably connected therewith that it may be recovered along with the principal debt in a suit on the bond, as distinguished from a suit on the coupon, regardless of the length of time such interest may have been overdue. The question submitted to the court as to whether the interest installments which fell due more than 10 years before the suit was filed may be recovered in an action on the bonds, is accordingly decided in the negative. Such interest installments are barred, unless the statute can be avoided by a plea of some of the exceptions which suspend its operation.