C. D. BOYNTON and CORA BOYNTON v. LUCY M. SALINGER, et al, Appellants.

Real property: CONTRACT BY HUSBAND AND WIFE: FORECLOSURE: JUDG-MENT. Where a wife joined with the husband in a contract for the sale of land, and in a suit to foreclose the contract, alleging that the only interest she had in the property was her inchoate right of dower, which was stipulated by the parties as a fact in the case, and she made no claim to any part of the amount due, judgment was properly rendered in favor of the husband for the full amount.

Same: NATURE OF JUDGMENT. The decree on foreclosure in such case should allow the purchaser a stated time in which to pay the amount found due to the clerk, with direction that the same be not paid out until a proper deed was deposited with him, and if payment was not made within the time specified, special execution should issue.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, JUDGE.

SATURDAY, MAY 11, 1912.

SUIT to foreclose contract for the sale of land resulted in a decree as prayed though for a lesser amount. The defendants appeal.—*Affirmed.*

*L. H. Salinger* for appellants.

*W. C. Saul,* for appellees.

LADD, J.—The facts are quite fully stated in *Boynton v. Salinger,* 147 Iowa, 537, where the unpaid installments on the contract whereby Mrs. Salinger purchased certain real estate, except the last, were held to be barred by the

statute of limitations and the cause remanded for the purpose of allowing Mrs. Boynton to be made a party and the introduction of such further evidence as might be deemed essential to the complete adjustment of the rights of the parties. Upon remand, Cora B. Boynton filed her petition, alleging that she "joins with C. D. Boynton as party plaintiff in the foregoing petition, and for cause of action states that the only interest she has in and to lots nine (9) and ten (10) Carroll, Iowa, the property in controversy in said action, is her incohate right of dower therein." She asked "judgment for the costs herein and for such other and further relief as may be equitable in the premises." The defendants thereupon admitted the allegations of the above petition, and pleaded thereto the original answer and amendment. Later they amended this answer by saying, in substance, that plaintiffs are not entitled to relief, and that the court was without jurisdiction for that the Supreme Court was without authority to remand an equity cause as was done. The plaintiffs joined in a reply closing with a prayer by C. D. Boynton for judgment on the $1,000 installment last maturing, with interest. This prayer was later amended by praying as in the original petition.

On hearing the plaintiffs introduced in evidence a stipulation that "the contract sued on and in evidence is as follows" (setting out the contract), and "that the interest of Cora B. Boynton in said contract and in the real estate therein described is that of inchoate right of dower as the wife of C. D. Boynton, her coplaintiff in this action." This was tantamount to saying that she had no interest in the contract other than that arising from having an inchoate right of dower in the premises. Such is the meaning of the stipulation, or else it is meaningless, and, in either event, it negatives any present interest on her part in the contract. This being so, it is to be inferred that the payments therein promised belonged to C. D. Boynton,

and, as she joined him as party plaintiff in the action wherein he demanded judgment for the entire amount owing and she for none of it, and thereafter joined in a reply wherein he only sought relief, a decree was rightly entered as prayed. Counsel suggest that, as the stipulation concerning Mrs. Boynton's interest is in the present tense, she may have assigned any interest she had in the contract originally to another. This is disposed of by the fact that that instrument without assignment indorsed thereon or attached thereto was introduced in evidence constituting *prima facie* proof, in the absence of any showing to the contrary that the payees therein named were entitled to recover thereon, and, as her interest therein was stipulated to be that only arising from her status as wife, he was entitled to judgment for the amount due on the contract.— *Affirmed.*

## SUPPLEMENTAL OPINION.

### MONDAY, OCTOBER 21, 1912.

PER CURIAM.—The decree of the district court will be so far modified as to allow appellants 10 days from the filing hereof within which to pay into the hands of the clerk of the district court for the benefit of appellees or their representatives the amount payable under said decree, and if this is not done then special execution to issue as directed therein; but appellees' or their representatives shall not withdraw said money so paid, or thereafter paid or made on execution, nor shall the clerk of said court pay over such money, until a deed conveying all title appellees had at the time of executing said contract of purchase, save that acquired thereunder by appellants, shall have been duly executed by appellees and their representatives to Lucy M. Salinger, and deposited with the said clerk of court for appellants.

2. SAME: nature of judgment.

With this modification, the opinion heretofore filed is approved, and the petition for rehearing overruled.