Middleton, J.
The parties stood in reverse order in the court below and for convenience we will refer to them here in that order.
The plaintiff filed his suit as executor and trus- . tee of the last will and testament of William G. Amor, deceased, against one Holberger and his wife as makers, and The Elworthy-Helwick Company as endorser, of a certain note for the sum of $1,600, dated at Cleveland, Ohio, April 8, 1912, with interest at the rate of six per cent.', payable semiannually on the 15th day of June and December of each year. Said note provided that the makers thereof should pay each and every calendar month from and after date, a sum of not *201 ■ less than twenty dollars, until the principal and the interest of the obligation were 'fully paid. It was further provided that if the makers of said note should fail to make any two of said monthly pay-, ments, when due, the whole amount or balance due on said note should become due and payable at the option of the holder thereof.
The petition contained two causes of action, one in the usual form on a promissory note, by which plaintiff claimed judgment against the makers and against The Elworthy-Helwick Company as 'endorser; in the other the plaintiff sought to foreclose a mortgage given as security for the payment of said promissory note.
To the petition of the plaintiff The Elworthy-Helwick Company filed an answer containing two ■defenses, which are substantially as follows: First, 'that the Holbergers failed to make the monthly payments called for in the note from the month of June, 1912, to the 11th day of September, 1914, except a payment of one hundred dollars in December, 1912, and a payment of thirty dollars in July, 1914; and that the plaintiff failed to present the note.for payment as the other installments came due, and failed to notify said The Elworthy-Helwick Company, the endorser, of the dishonor of said installments as they fell due, until about the 11th day of September, 1914, for which reason the endorser claims it is no't liable for any of the unpaid installments which fell due prior to said September 11, 1914,” and alleges that if it is liable for anything it is only liable for the sum of the installments falling due after said date. This is termed a “partial defense.” Second, that the plain *202 tiff failed to exercise his option to declare due the balance remaining unpaid on said note until long after two monthly installments were due and unpaid, and for an unreasonable period, during which time the premises described in the mortgage were vacant, and were depreciating in value^, thus impairing the security and thereby discharging the endorser.
The plaintiff filed á general demurrer to both defenses, which was sustained, and the defendant endorser not desiring to plead further judgment was rendered against it as such endorser for the sum of $1,939.25, being the full amount of the unpaid 'balance on said note, including the unpaid installments falling due before September 11, 1914. Error is now prosecuted in this court to reverse said judgment on the ground that the court erred in sustaining said demurrer.
The chief contention, however, now made by the defendant endorser is as to the sufficiency of its first or partial defense. This defense presents the question as to when a note is dishonored which contains a provision for payment by installments, with a further condition that upon the failure to pay two or more installments the whole unpaid balance due on said note shall become due and payable at the option of the holder. It seems to be conceded by both parties that when a .note is dishonored 'by nonpayment, notice thereof is necessary to hold the endorser. It is contended by the plaintiff that the note in question must be regarded as an entirety, and that as an instrument for the payment of money it did not become due and payable until the holder exercised his option to declaré *203 it due and made presentment and demand for payment. Upon the other hand, the defendant company urges that the obligation to pay the installments named in said note amounted in law to a separate and independent promise to pay each of said installments when the same became due by the terms of the instrument, and that upon nonpayment of any installment, when so due, the note as to that particular installment was dishonored and notice of nonpayment was necessary toiiold it liable for that particular installment.
Attention is directed by both plaintiff and defendant to the provisions of Section 8194, General Code, being Section 89 of the Negotiable Instruments Act, which provides as follows:
“Except as herein otherwise provided, when a negotiable instrument 'has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser. Any drawer or indorser to whom such notice is not given is discharged.”
This section appears to be the only provision that may be found in the Negotiable Instruments Act reflecting in any way on the question at issue. It must be conceded that this section does not expressly cover a situation like the one under consideration. It does, however, by positive terms, require notice to all drawers or endorsers of the dishonor of the instrument by nonpayment or nonacceptance in order t'o hold them liable thereon. The ¡necessity of noticé, therefore, obtains in all cases save those named in the exception's, which exceptions have no application to the instant case. This being so, we are unable to conceive of any *204 substantial reason why such notice of dishonor is not required as to each installment' provided for in the instrument under consideration, when such installment became due and was not paid. This instrument is the equivalent in law to a number of separate and independent instruments, each conditioned for the payment of twenty dollars at the times named. When, therefore, an installment became due and was’ not paid, the note to the extent of such installment became and was dishonored by nonpayment. No subsequent act of the holder in •the exercise of his option could add in any degree whatever to the liability of the maker in respect to .the payment of that particular installment. It was due and payable, and an action would lie for its collection by the holder regardless and independent of the exercise by him of the option to declare the whole unpaid balance due. The instrument having definitely and unconditionally provided for the payment of twenty dollars each and every calendar month after its date, the nonpayment thereof in any month was a dishonor of the instrument to the extent of such amount; and, thereafter, the instrument as to such installment was overdue and unpaid. The argument advanced that more than one hundred su'ch payments are required to fully discharge this note, and therefore an equal number of notices would be required in case of nonpayment, can not affect the principle of law involved. If notice was necessary to charge an endorser in the event of nonpayment in a case in,, which the aggregate amount Was fifty thousand dollars, payable in installment's of ten thousand dollars each, it is necessary in the instant case.
*205 We do not question the soundness of the argument that if notice is npt required by the provisions of Section 8194, supra, we may not refer to the common law for authority. Under the common law, however, it seems to be well settled that notice is required as to each default in the payment of any installment. It is said in 1 Daniel on Negotiable Instruments, Section 599:
“If a note be payable in instalments, the presentment should be made on each consecutive instalment as it falls due, as if it were (as in fact it is legally considered) a separate note in itself.”
In 8 CyC., page 961, it is said:
“If commercial paper is payable in instalments demand of each instalment must be made to preserve the liability of the endorser.”
Many other authorities might be cited in support of the common-law rule, but, as before observed, they may not be considered here, for it is now definitely settled that the Negotiable Instruments Act in this state is ■ exclusive as to all matters actually provided for therein. Elyria Savings & Banking Co. v. Walker Bin Co., 92 Ohio St., 406.
1‘t would seem that the question presented here would be one of frequent occurrence, but we have not been cited to a case in which it appears to have been presented, nor have we been able by our own investigations to find any adjudication of the precise question here under consideration. In the case of Hopkins v. Merrill, 79 Conn., 626, an action was brought against the endorser of a promissory note, payable in monthly installments, to recover the amount due on three of such installments, due notice of the nonpayment of which had *206 been given to the endorser. The court ruled that a failure of the plaintiff to notify the endorser of the nonpayment of other installments did not affect her right to recover the three installments which were the subjects of the suit. While the court does not in terms say so, it may be inferred from its discussion of the question that if suit had been brought upon installments past due, of the nonpayment of which notice had not been given, judgment would have been for the endorser upon such installments. While in the above case the note did not contain an option enabling the holder to declare the whole sum due for the nonpayment of an installment, or installments, that difference can not affect the principle involved.
We conclude, therefore, that under favor of said Section 8194, supra, the defendant endorser in the instant case was entitled to notice of the nonpayment of the installments falling due between the dates named in its answer, and that by reason of the failure of the plaintiff to give such notice the 'defendant company endorser is discharged from any liability as to such installments.
We affirm the judgment of the lower court in its ruling on the demurrer to the second defense. Section 8225, General Code.
Judgment reversed and cause remanded for further proceedings according to law.

Judgment reversed, an'd cause remanded.

Walters and Sayre, JJ., concur.
Judges of the Fourth Appellate District, sitting by designation in place of Grant, Dunlap and Lawrence, JJ., of the Eighth Appellate District.