FRANCES E. TRUE, as Executrix of the Last Will and Testament of RANSOM B. TRUE, Deceased, Plaintiff, *v.* GEORGE E. BRAINARD, Defendant.

Supreme Court, Onondaga County, June 6, 1927.

**Limitation of actions — commencement of period — action on installment promissory note — period commences to run on each installment when due — interest — General Business Law, § 378, applied.**

The Statute of Limitations commences to run on each installment of a promissory note as soon as the installment thereon matures and, therefore, in an action on a note payable in monthly installments recovery cannot be had on any installment that was due more than six years prior to the commencement of the action.

Plaintiff is entitled to recover the installments not barred by the Statute of Limitations, with interest on each installment at five per cent to the date of the maturing thereof, and thereafter with interest at the rate of six per cent under the provisions of section 378 of the General Business Law.

ACTION on promissory note. The parties waived a jury and the case was tried before the court.

*True & George,* for the plaintiff.

*Olmsted, Van Bergen & Preston,* for the defendant.

DOWLING, WILLIAM F., J. On March 1, 1913, the defendant made and delivered to plaintiff's testator the following promissory note:

" 5,527.07                              SYRACUSE, N. Y., *March* 1, 1913.

" For value received I promise to pay to Ransom B. True the sum of five thousand five hundred and twenty-seven & 07/100 dollars with interest at five per cent (5%) payable in monthly installments of one hundred dollars ($100.00) each on the last day of each month.                       " GEO. E. BRAINARD."

Nothing was paid upon the note, either of principal or interest. Action was begun to collect the note April 13, 1922. Issue was not joined until July 27, 1925. Upon the trial, defendant was permitted, with consent of the plaintiff, to amend his answer so as to plead the Statute of Limitations against all installments of the note, both of principal and interest, falling due prior to April 13, 1916. I think the six-year limitation is applicable to the first thirty-seven installments of principal and interest on the above note, and hold that recovery thereof is barred. Action could and should have been brought on each installment as it matured. The statute commenced to run as each installment fell due. Nothing occurred to arrest the running of the statute. (Civ. Prac. Act,

§ 48, subd. 1; *Erickson* v. *Macy,* 231 N. Y. 86, 91; *Ga Nun* v. *Palmer,* 202 id. 483, 488; *Burnham* v. *Brown,* 23 Maine, 400; *Bush* v. *Stowell,* 71 Penn. St. 208, 211; Neg. Inst. Law, § 145; *Quackenbush* v. *Mapes, No. 1,* 123 App. Div. 242, 249; *Helwick Co.* v. *Hess,* 9 Ohio App. 200; 5 Uniform Laws Annotated, 353; 2 Daniel Neg. Inst. [6th ed.] § 1213, p. 1360; *Tucker* v. *Randall,* 2 Mass. 283; *Cooley* v. *Rose,* 3 id. 221.)

The plaintiff is entitled to recover $1,827.07, being the eighteen and a fraction installments last maturing on the note, with interest on each installment at five per cent to the date of maturity of such installment, and thereafter at six per cent. (*Purdy* v. *Philips,* 11 N. Y. 406, 407.) I think section 378 of the General Business Law is not applicable here.

Judgment for the plaintiff accordingly.