FRANCES E. TRUE, as Executrix, etc., of RANSOM B. TRUE, Deceased, Plaintiff, v. GEORGE E. BRAINARD, Defendant.

Supreme Court, Onondaga County, June, 1927.

*True & George,* for the plaintiff.

*Olmsted, Van Bergen & Preston,* for the defendant.

DOWLING, WILLIAM F., J. On March 1, 1913, the defendant made and delivered to plaintiff's testator the following promissory note:

" 5527.07            SYRACUSE, N. Y., *March* 1, 1913.

" For value received I promise to pay to Ransom B. True the sum of five thousand five hundred and twenty-seven & 07/100 dollars with interest at five per cent (5%) payable in monthly installments of one hundred dollars ($100.00) each on the last day of each month.          " GEO. E. BRAINARD."

Nothing was paid upon the note, either of principal or interest. Action was begun to collect the note April 13, 1922. Issue was not joined until July 27, 1925. Upon the trial, defendant was permitted, with consent of the plaintiff, to amend his answer so as to plead the Statute of Limitations against all installments of the note, both of principal and interest, falling due prior to April 13, 1916. The six-year limitation is applicable to the first thirty-seven installments of principal and interest on the above note, and recovery thereon is barred. Action could and should have been brought on

each installment as it matured. The statute commenced to run as each installment fell due. Nothing occurred to arrest the running of the statute. (Civ. Prac. Act, § 48, subd. 1; *Erickson* v. *Macy*, 231 N. Y. 86, 91; *GaNun* v. *Palmer*, 202 id. 483, 488; *Burnham* v. *Brown*, 23 Me. 400; *Bush* v. *Stowell*, 71 Penn. St. 208, 211; Neg. Inst. Law, § 145; *Quackenbush* v. *Mapes* [*No. 1*], 123 App. Div. 242, 249; *Elworthy-Helwick Co.* v. *Hess, Exr.*, 9 Ohio App. 200; Uniform Laws Annotated, vol. V, 353; 2 Daniel Neg. Inst. [6th ed.] § 1213, p. 1360; *Tucker* v. *Randall*, 2 Mass. 283; *Cooley* v. *Rose*, 3 id. 221.)

The note bears interest at five per cent. What should the rate be after the maturity of the various installments? It should be six per cent. The plaintiff, in my judgment, is entitled to recover $1,827.07, being the eighteen and a fraction installments last maturing on the note, with interest on each installment, at five per cent, to the date of maturity of such installment, and thereafter at six per cent. (*Purdy* v. *Philips*, 11 N. Y. 406, 407.) Section 378 of the General Business Law is not applicable here.

Judgment for the plaintiff accordingly.