W. W. TOTTY, Appellant, v. E. R. HARRIS, Appellee.

1. **Contract**: SUBSTANTIAL PERFORMANCE SUFFICIENT. The plaintiff contracted to sell to the defendant certain described real estate for a sum named, and such further sum as might be necessary to redeem the property from tax sale, if paid within sixty days after a date specified. After depositing said contract with a bank in the town where the defendant resided, with authority to receive the money payable thereunder, the plaintiff departed to a distant part of the country, where he remained until after the time for the performance of the contract. Within the time fixed in the

contract the defendant paid to the bank the amount she believed the contract called for, and which she was assured by the bank was sufficient, but in fact was insufficient by about thirty-five dollars. The defendant was at all times willing to pay such amount as might be found due under the contract, but the plaintiff refused to convey because the full amount had not been paid within the sixty days as provided in the contract. *Held,* that the defendant was entitled to have a specific performance of the contract upon the payment of the balance due.

2. ———: ———. Under the above contract the defendant agreed to pay the plaintiff fifty dollars per month rent for the premises described from a date named until the time she complied with said agreement. Within a few days after the contract was made she paid to the bank fifty dollars, and within less than one month paid the amount necessary for the purchase of the premises. *Held,* that the fifty dollars so paid should be applied upon the purchase money.

3. ———: ———: SIMULTANEOUS ACTS. The money paid to the bank by the defendant was deposited to the credit of certain third persons with notice to the bank that the same was to be used for payment under the contract when the deed was ready. *Held,* that the performance of the contract by the respective parties was to be simultaneous, and that the deposit of the money as above did not excuse the plaintiff from performance because of the conditions named.

*Appeal from Cerro Gordo District Court.*—HON. JOHN C. SHERWIN, Judge.

MONDAY, MAY 25, 1891.

ON the twenty-fourth day of October, 1887, the plaintiff obtained a foreclosure judgment against Shorland Harris, the then owner of the premises in question, and on December 5, 1887, the same was sold on execution for twenty-seven hundred and eighty-three dollars to the plaintiff. On the fourteenth of November, 1888, the plaintiff and defendant entered into the following contract:

"This agreement, made between W. W. Totty and E. R. Harris, both of Mason City, Iowa, witnesseth: That whereas said Totty holds a certificate of sheriff's sale on the property on Main street in Mason City, Iowa, heretofore occupied by Shorland Harris as a residence

and drugstore, and whereas the said E. R. Harris is desirous of having opportunity to purchase said premises of said Totty after he procures a sheriff's deed of the same, in consideration of five dollars, to me in hand paid by the said Harris, I, the said W. W. Totty, do hereby agree with the said Harris that if she will, within sixty days after said Totty places his sheriff's deed on record, redeem said premises from tax sale, and pay all taxes against the same, and pay to the said Totty the sum of thirty-one hundred and ninety-nine dollars and forty-two cents, said Totty and his wife will deed to. said Harris all title to said property acquired by them under said sheriff's deed; and it is expressly agreed that, should said Harris fail to purchase said premises within the time and upon the terms above provided, this contract shall be forfeited, and be null and void, and the said Harris shall have no right or make any claim of right to purchase the same after the expiration of the said time. Witness our hands, this fourteenth day of November, 1888.

"W. W. TOTTY.

"E. R. HARRIS."

On the contract are indorsements as follows:

"After within-described property goes by sheriff's deed to W. W. Totty, said Totty is to have all rent of the premises up till the said E. R. Harris purchases said premises upon the terms of the within contract, and the within contract is to be held by the City Bank for both parties; and, should said Harris fail to perform the within contract within the time therein provided, said bank is to surrender up this contract to said Totty, and the same shall be null and void.

"E. R. HARRIS.

"In consideration of the foregoing contract, I, E. R. Harris, guarantee said W. W. Totty fifty dollars a month as rent on the within-described property from the date he gets sheriff's deed until the time I comply with the within contract.        E. R. HARRIS."

On the fifth day of December, 1888, the plaintiff received and recorded his sheriff's deed, and on the day

following he purchased of the then holder the tax-sale certificates on said premises, which purchase embraced the taxes paid to include the year 1887, the amount necessary therefor being five hundred and eighty-five dollars. The contract above set out was by the plaintiff sealed and left with James Rule, vice-president of the City Bank of Mason City, with instructions to receive the payments due thereon ; and the plaintiff left for California, returning March 12, 1889. On the twentieth of December, 1888, aside from rent to be paid, there was due the plaintiff under the contract thirty-seven hundred and eighty-four dollars and forty-two cents, being the thirty-one hundred and ninety-nine dollars and forty-two cents specified in the contract as the purchase price, and five hundred and eighty-five dollars, paid by plaintiff for the tax certificates, and necessary to redeem from tax sales. On that day there was in the bank for the fulfillment of the contract on the part of the defendant the sum of thirty-seven hundred and fifty dollars, being the amount that the defendant then understood was necessary to a full performance of her contract. By supplemental pleadings other questions as to rent accrued and taxes afterwards paid are involved. The defendant pleaded a willingness to pay the amount the court should determine was due the plaintiff under her contract, and that she had been willing at all times to do so. The issues involve the rights of the respective parties to the premises. The district court found due the plaintiff at the date of its judgment the sum of thirty-nine hundred and seventy-seven dollars and thirty-four cents, and required the plaintiff to make a conveyance of the premises upon the payment of that amount with interest. From that judgment the plaintiff appeals.—*Affirmed.*

*Cligitt & Rule*, for appellant.

*Blythe & Markley* and *J. A. McConlogue*, for appellee.

GRANGER, J.—I. To our minds the judgment of the district court reflects the true spirit of the law and effectuates justice between these parties.

1. CONTRACT: substantial performance sufficient.

The record unmistakably discloses that the defendant has undertaken a faithful and substantial compliance with the terms of the contract, and, had she been met with a like spirit and purpose on the part of the plaintiff, both, before the expiration of the sixty days from the recording of the sheriff's deed, would have been in possession of the exact rights contemplated by the contract. The contract was delivered to Mr. Rule as an officer of the bank, and payments thereon were to be made at the bank. Mr. Rule says the plaintiff told him "that, when the money was ready to comply with the contract, I was to notify him, and he would send the deed." The contract was sealed when delivered to Mr. Rule, and was not opened or examined by him until February 8, after the controversy as to the amount to be paid arose. Mr. Rule, however, had some information, in a general way, as to the amounts required to be paid, as that the taxes were about six hundred dollars, and that the other amount was thirty-two hundred dollars. That both Mr. Rule and defendant believed on the twentieth of December, 1888, that enough was paid to comply with the contract, is not to be seriously questioned. He says he did not notify Totty of the amount paid in, but that the money had been deposited there to comply with the contract, and asked him to send the deed. This indicates that he did not expect or understand that the question of amount was to be first settled in California, but was to be determined at the bank, and that view is in harmony with the instruction given him by the plaintiff. No other way is in harmony with a proper carrying out of the contract with the plaintiff in California. The testimony clearly shows that when the question as to the exact amount arose, the defendant was vigilant to know what, under the contract, was required of her, and was at all times willing to pay it.

The slight discrepancy as to the amount will not justify a decree for the plaintiff under such a state of facts.

II. There is a difference of opinion as to the amount of rent to be paid under the contract. The

2. THE same.

plaintiff's view is that he was entitled to rent, in advance, at fifty dollars per month. By the terms of the contract the defendant could at any time after December 5, 1888, have paid the amount required, and was then entitled to a deed ; and she only guaranteed the rent until she should comply with her contract. If she had paid it on the fifth day of December no obligation for rent would have arisen under her guaranty, for no time would have elapsed. She made the payment on the twentieth day of December, and her obligation for rent then expired. On the eleventh day of December, there was placed in the bank twenty-two dollars and fifty cents, and on the twelfth, twenty-seven dollars and fifty cents, making together a total of fifty dollars. There is some dispute in the testimony as to what this money was placed there for. The appellant's view is that it is one month's rent, and the defendant says that when she placed it there it was to apply as rent if she failed to get the money to redeem within the sixty days ; but, if she did get it, it was to apply on the purchase price. Mr. Rule makes no positive denial of this, but does not remember it. The plan of so placing the money was in accord with reason, as by so doing she was not paying beyond the terms of her contract ; while, if she paid the month's rent, and then paid the purchase price within the month, she would be paying rent for the use of her own premises.

III. There is much speculation and theorizing on unimportant matters in this case, as of the money

3. ——: ——: simultaneous acts.

placed in the bank by the defendant, three thousand dollars was obtained from one Brett, and deposited in the name of Brett, with notice by him to Mr. Rule that it was to be used for payment by the defendant when the deed was ready ; seven hundred dollars was obtained from the defendant's father, Mr. Russell, and was, at the suggestion of

Mr. Rule, deposited to the credit of her father, but for the defendant's use when the deed should arrive. It was also understood that Brett should have a mortgage to secure him for the loan on the premises in question; and because of these facts it is urged that the deposits in the bank were conditional, not absolute; that the plaintiff was not required to furnish a deed to the defendant or his father, by which she could secure Brett for the money to perform her contract. It seems to be the appellant's theory that the defendant's obligation for payment was primary, and that of the plaintiff secondary; that the defendant must first pay to the plaintiff, and then the plaintiff must deed to the defendant. The law, under the contract, imposed no such duty. It was the defendant's duty to be first ready to perform by payment, to have the money at the bank; and thereupon it was the duty of the plaintiff to have his deed for delivery; and the performance, in the eyes of the law, will be simultaneous. The law, in construing contracts, will look rather to an observance of the original intent of the parties than to its defeat, and let us give the thought application in this case. If on the twentieth of December, 1888, the plaintiff had been present with his deed at the bank willing to practically observe his contract, there would have been this state of facts: The slight discrepancy in the amount of payment could have been determined, and would have been paid; the deed to the defendant, the mortgage to Brett as security for the money he furnished, and the money for the plaintiff would have been there. The deed and mortgage would have been passed to the proper parties, and the money to the plaintiff. Each party would have had his exact rights. Public policy, in the interest of fair dealing, demands the support of such a rule. Such a result, in this case, was, to our minds, defeated because of the absence of the plaintiff, when he should have been present, or some one in his interest, to have permitted a performance of the contract. Mr. Rule was the party who was to notify him when to send the deed, and was

the only party to whom the defendant could look at Mason City, and he believed and told her that her payments were sufficient, and notified the plaintiff to send the deed.   She even offered to pay more within the sixty days, but was assured by Mr. Rule that she had paid enough.   Upon this she had a right to rely.   The record shows that the plaintiff was anxious to escape his contract by any technical result.   Opportunities have been frequently given him to take all that he could demand under the contract, which he has constantly refused. These opportunities, it is true, were after his return, and after the expiration of the sixty days, when he was under no legal obligations to accept them if the defendant had before forfeited her right to enforce the contract, which we think she had not done.   The law and the equity of the case are with the defendant.

The amount fixed by the district court to be paid by the defendant is liberal to the plaintiff, but, as defendant does not appeal, we do not disturb it.   We unite in saying that the judgment should be AFFIRMED.