JANE DANES, Appellee, v. R. M. SLITOR, Appellant.

**Suit on Note:** COUNTERCLAIM: VERDICT. Evidence considered and held that the same failed to support the verdict of the jury, and the ruling of the district court in setting the verdict aside was correct.

*Appeal from Allamakee District Court.*—HON. A. N. HOBSON, Judge.

THURSDAY, OCTOBER 16, 1902.

APPEAL from an order of the district court setting aside the verdict of a jury in defendant's favor.—*Affirmed.*

*Wm. S. Hart* for appellant.

*W. W. Bulman* and *D. J. Murphy* for appellee.

WEAVER, J.—Action was brought against defendant upon a promissory note made by him to plaintiff for $470

under date of April 1, 1889. The defendant admits making the note, and sets up by way of counterclaim an account for board and lodging furnished plaintiff at various times during a period of nearly 20 years. The jury returned a verdict for defendant for $308. This verdict was set aside upon plaintiff's motion as being against the evidence, excessive, and contrary to the instructions of the court.

The order was clearly right. There was no evidence to justify the allowance of the counterclaim. The plaintiff and defendant are cousins, and up to the beginning of the suit apparently friends. Plaintiff is a single lady, and without any home of her own. Defendant at various times invited her to visit him, and on several occasions covering a period of many years she went to his place, and stayed with him and his family for periods of several weeks, and sometimes several months, at a time. On such visits she was apparently treated as one of the family, and in return she did more or less work about the house, but the extent and value of such labor is in dispute. Defendant does not claim ever to have notified her that he expected payment for his hospitality, nor is any fact shown from which she might reasonably infer such an intention on his part. During her first visit, in 1881, defendant borrowed from plaintiff the sum of $400, giving his note therefor. In 1889 he borrowed the further sum of $70, and, renewing the old note, gave the one now in suit for the aggregated indebtedness. On this debt he paid the interest from year to year, offering various excuses for his failure to pay the principal. Considerable correspondence was carried on between plaintiff and defendant after her last visit to him some seven or eight years prior to the commencement of this suit. On October 20, 1899, after plaintiff had placed her claim, then nearly barred by the statute of limitations, in the hands of an attorney, defendant wrote her, proposing to pay up the interest and renew

the note. On November 9th, after suit was begun, he wrote again saying, among other things: "I made you an offer before you commenced suit, and I think that this next year I would be able to pay part of the principal, and in the course of about two years would try to pay it all. I expect to be back in the hotel again inside of two months. I can't close this letter without a few more words. You well know that for over twenty years a great part of the time you have been a welcome guest of my family. Even when your sisters would turn you out of doors, you always found a welcome home with us, and it seems to me that you are making a very ungrateful return for all the kindness that I tried to bestow upon you." At no time or place during all these negotiations (when, if he honestly believed the plaintiff indebted to him, it is incredible that he should not have said so, and demanded credit accordingly) did he ever suggest the existence of any counterclaim, but, on the contrary, continued to dole out to her the accruing interest upon the note, and give plausible reasons for further time on the principal. Not until he had been sued, and had failed to induce a withdrawal of the proceedings, did he finally disclose his counterclaim for the "kindness" shown his "welcome guest" in the form of a bill the items of which date from 8 to 18 years in the past, aggregating the amount of $420, to which is added the modest sum of $492.78 of accrued interest. Most of this claim had accrued long before the note in suit was given, and he admits that in giving it he made no mention of having any account against the plaintiff, and he offers not the slightest evidence to rebut the presumption which the law raises that in giving such instrument all the mutual claims of the parties were thereby adjusted. *Allen v. Bryson*, 67 Iowa, 591; *Grimmell v. Warner*, 21 Iowa, 11. The fact that defendant was keeping a hotel at the time of plaintiff's visit does not, we think, affect the rights of the parties. There is nothing in the record to indicate

that plaintiff sought entertainment of the defendant as a hotel keeper. Under the showing made by the defendant himself, the court would have been justified in setting aside the verdict on its own motion.—AFFIRMED.