WALL v. AMBLER, <i>et al.</i>

1. FORECLOSURE OF A TITLE BOND. In a proceeding by the obligor in a bond for the conveyance of real estate to foreclose the same as a mortgage, it was held that the court did not err in rendering a decree requiring the plaintiff to convey the property described in the bond to the purchaser under the decree, by a deed containing all the covenants stipulated in the bond, *upon the payment by the purchaser of the full amount found due to the plaintiff on the bond foreclosed.*

<i>Appeal from Henry District Court.</i>

TUESDAY, DECEMBER 11.

*H. Ambler, pro se.*

*Clarke & Doolittle* for the appellee.

BALDWIN, J.—The plaintiff sold to one Webber a certain tract of land, and gave a bond for a deed therefor, obligating himself to convey said land upon the payment of a note given to him in consideration of such sale, by said Webber. Webber assigned all of his interest in said bond to one Lee, and Lee assigned his interest therein to the defendant Ambler. The note not being paid at maturity, the plaintiff filed his bill in equity praying a foreclosure of all the interest of each of said defendants in said premises, and asking that the same be sold to satisfy the amount due upon said note.

The defendants asked and obtained permission of the court to file an answer to said petition within forty days after the close of said term. Having failed to answer within the time specified in said rule, and by the second day of the succeeding term of said court, upon the motion of complainant a default was entered against them.

The defendant, Ambler, subsequent to such default, moved to set the same aside, and also moved the court to modify said decree, so that there should be a provision inserted therein, that upon the sale of the premises described in said bond, by execution, to any person other than the plaintiff therein, the said plaintiff should convey the said premises, if the same were not redeemed according to law, to the purchaser, by the same covenants as agreed in the bond thus foreclosed. And as a ground for such motion the said Ambler represented that he was a purchaser of said premises and interested in having his title thereto perfected. This motion was overruled and a decree entered as prayed for in the petition of complainant.

The decree of the court directs the property to be sold as upon special execution, and the proceeds of such sale applied to the payment of said amount due on said note with interest and costs. It is further ordered in said decree that upon the sale of such property and after the application of the proceeds of such sale, and the payment of the balance due said plaintiff, by the foreclosure of the real estate described in said bond, that the plaintiff shall execute and deliver to the said purchaser a deed according to the stipulations of said bond. It is further decreed that if said note is paid at any time before such sale, that the said plaintiff shall execute and deliver to the purchaser a deed for said premises. The appellant assigns as error the ruling of the court upon his motion to set aside the default and in rendering the decree in the manner it did, and without protecting his rights in the premises.

We do not consider the showing as made by appellant sufficient to justify this court in setting aside the default.

We also regard the decree so far as now objected to, as correct and not an infringment upon any rights of the appellants.   He purchased the bond with a full knowledge of its conditions and the rights of the complainant to foreclose all interest in said premises if the purchase money was not paid at maturity.   The decree orders a sale of the premises upon a special execution.   The purchaser at such sale is entitled by law to a deed for the property purchased, notwithstanding the further orders therein.   By the terms of such a decree, after the sheriff's sale, the purchaser by paying up the full amount of the note or the judgment against Webber is also entitled to a deed from complainant.   Or if the holder of said bond should pay up the amount due thereon, the plaintiff is compelled to make a deed according to the conditions of said bond.

Now the conditions of the decree inserted after the general provisions thereof, ordering a sale of the premises upon special execution, affect no one but the appellee.   They do not affect the rights of any purchaser at such sale; the appellee is the only person bound thereby.

The part of the decree foreclosing the equities of defendants in said premises, and directing a sale thereof, is, in substance, what was asked for in the petition, and to which the plaintiff was justly entitled.

Judgment affirmed.