## RUTHERFORD v. HAVEN & CO.

1. TENDER OF DEED IN EQUITY. A vendor of real estate who seeks a specific performance and foreclosure of a contract containing mutual and dependent covenants, is not required, as at law, to tender a deed to the vendee before filing his bill.

*Appeal from Polk District Court.*

TUESDAY, APRIL 23.

*C. C. Cole* for the appellant.

*Cassady, Crocker & Polk* for the appellees.

WRIGHT, J.—The leading question in this case is, whether in equity the vendor of real estate who seeks a performance and foreclosure of a contract containing mutual and dependent covenants, is required, as at law, to tender a deed to the vendee before filing his bill. None of the cases cited by appellees sustain the affirmative of this proposition. They were all actions at law, except that of *Barron* v. *Easton, et al*, 3 Iowa 76, and what is said in that case may be well understood as applying to an action at law for the purchase money. And in our opinion the reason for the rules in a law action, does not apply in a court of equity. At law, if the vendor recovers his judgment for the purchase money, it must necessarily, from the nature of the tribunal, be unconditional or without terms. In equity the chancellor has full power to protect the vendee, and to make the execution and deposit of the deed with the clerk or other person to be named, a condition precedent to the enforcement of the decree.

This view is in principle sustained in the reasoning used in. *Young* v. *Daniels*, 2 Iowa, 135, and we deem it just and equitable. And especially is this so in view of the fact that the chancellor is justified in awarding any costs against the complainant, which it shall appear might have been avoided by a prior offer to perform on his part.

The other points made by the demurrer to the bill, are not strongly urged and are not of such weight as to require specific attention. None of them impress us as being well made.

Decree reversed.