## Winton v. Sherman.

1. **Tender:** DEED: IN ACTION ON BOND. In an action at law to recover the consideration agreed to be paid for real estate not conveyed, but which by the contract of purchase was to be conveyed at the time of payment of the consideration, it is a sufficient defense that the deed had not been delivered or tendered: *aliter*, in a proceeding in equity to foreclose the bond as a mortgage.

*Appeal from Blackhawk District Court.*

WEDNESDAY, APRIL 18.

THIS action is brought upon a contract for the sale and purchase of certain lands in Blackhawk and Floyd counties. The contract is signed by both parties, and by it the plaintiff agrees to sell and convey, by good and sufficient deed, to the defendant, the lands mentioned, at a time specified, if the defendant shall first make the payment named; and the defendant agrees to buy the land, and to pay the sum stated at the time fixed. Time is made of the essence of the contract, with the right of forfeiture at the option of plaintiff, upon defendant's default. The suit is in equity to obtain judgment and foreclose defendant's interest in the land. There was an answer filed by the defendant containing several counts, and in the fifth count it was set up as a defense that the plaintiff had not tendered or delivered to defendant a deed for the land. To this count in the answer, the plaintiff filed a demurrer, because it did not state facts sufficient to constitute a cause of defense. The demurrer was overruled and plaintiff appeals.

*Bagg & Allen* for the appellant.

*B. W. Poor* for the appellee.

COLE, J. — In an action at law to recover the consideration agreed to be paid for real estate not yet conveyed, but which, by the contract of purchase, was to be conveyed at the time of the payment of the consideration, it has been held a sufficient defense to aver and show that the deed had not been delivered or tendered. See *School District No. 2* v. *Rogers*, 8 Iowa, 316; *Berryhill* v. *Byington*, 10 Iowa, 223; *Leonard* v. *Bates*, 1 Blackf., 172.

*1. TENDER: deed in action on bond.*

But this rule does not obtain in equity causes, where the court, upon a final decree, can grant just such relief as the plaintiff may show himself entitled to, upon such conditions as shall fully protect the right of the defendants, not only as to the subject matter, but also as to costs. A delivery or tender of a deed, before bringing suit in equity for the purchase-money and foreclosure of lien therefor, or other equitable relief, is not necessary. See *Rutherford* v. *Haven & Co.*, 11 Iowa, 587, and cases cited.

Reversed.