## STATE OF IOWA;

### DES MOINES, JUNE TERM, A. D. 1866.

IN THE TWENTIETH YEAR OF THE STATE.

---

PRESENT:

Hon. RALPH P. LOWE, CHIEF JUSTICE.
" JOHN F. DILLON,
" CHESTER C. COLE. } JUDGES,
" GEORGE G. WRIGHT,

---

### GRIMMELL, Executrix, v. WARNER.

1. **Parties:** EXECUTOR. The testator prior to his death sold two lots to the defendant and executed to him a title bond for a deed on the payment of certain notes given by the defendant for the purchase-money; before the action was commenced he died, and by his will bequeathed said notes and the title to said lots to the plaintiff. She was duly appointed and qualified as his executrix, and as such prosecutes this action. *Held,* That the action was properly prosecuted by her as executrix instead of individually, because: 1. Until the debts are settled and the legacies paid, the executor or administrator is entitled to the personal property and

may sue for and recover the same; 2. That plaintiff had an election to sue either individually or representatively.

2. **Promissory notes:** PRESUMPTION. The execution of a promissory note raises a presumption that all matters between the parties up to the date thereof have been settled.

3. **Evidence:** DAMAGES: BURDEN OF PROOF. In an action for damages sustained by reason of false representations made in a contract, the burden of proof is upon the plaintiff.

4. **Tender:** FORECLOSURE OF BONDS. In an equitable proceeding to foreclose a bond as a mortgage, it is not necessary to allege or prove a tender of a deed before the commencement of the action.

.5. **Conveyance:** EXECUTRIX AND DEVISEE. In a proceeding to foreclose a bond as a mortgage, brought by an executrix, who was also a devisee of the notes secured by the bond, and of the legal title to the property therein described, the decree should order the execution, upon the payment of the sum due by the defendant, of a deed by the plaintiff, as devisee instead of as executrix.

6. **Foreclosure:** BOND: GENERAL EXECUTION. A decree foreclosing a title bond as a mortgage, may properly award a general execution for any balance remaining due after a sale of the property on a special execution.

*Appeal from Polk District Court.*

TUESDAY, JUNE 19.

EXECUTOR'S CAPACITY TO SUE: PRESUMPTION OF PAYMENT: TENDER OF DEED IN EQUITY BY VENDOR, &C.— Action in equity by the plaintiff, as executrix of the vendor of land against the defendant, the vendee, upon notes given by the defendant (who received a title bond from the vendor), and to foreclose his interest in the property. Decree for plaintiff, and the defendant appeals.

*J. M. Ellwood* for the appellant.

*Polk & Hubbell* for the appellee.

DILLON, J. — I. The first question made is upon the capacity of the plaintiff to maintain the action, *as executrix*

1. PARTIES: executor. of the will of Francis C. Grimmell, deceased. The facts are these: In 1856, the said Francis sold two lots in Des Moines to the defendant, and executed to him a title bond for a deed, on payment of certain notes given by the defendant for the purchase-money.

Before this suit was brought the said Francis had deceased, and the plaintiff was duly appointed and qualified as executrix. By his will, the said Francis bequeathed and devised to the plaintiff (his wife) the notes of the defendant, as well as the title to the lots, with power to convey. This devise and bequest are (it may be conceded), to the plaintiff individually, and not as executrix. If this be so, then the defendant claims (and this is the point he makes) that this action should have been brought by the plaintiff *individually*, and not as *executrix ;* in other words, the plaintiff, in her capacity as executrix, is not the real party in interest.

The objection is not well taken. Until the debts are settled and legacies paid, the executor or administrator is entitled to the personal property, and may sue for and recover debts due the estate.

Again, under the law and the will, this is one of those cases in which the plaintiff has an election to sue either individually or representatively. *Merritt* v. *Seaman*, 2 Seld. 168; *Oliver* v. *Townsend*, 16 Iowa, 430, and authorities cited on p. 433. And as to " real party in interest," *Cottle* v. *Cole, ante.*

II. It is claimed that the court erred in refusing to allow defendant a credit for $300 city scrip. We admit

2. PROMISSORY NOTES: presumption. that the evidence tends to show that the testator received from the defendant this amount of scrip. We may also concede that the fact that the scrip was illegal (see *Clark* v. *Des Moines*, 19 Iowa, 455), would

HARVARD LAW SCHOOL LIBRARY

not, *under the circumstances*, in evidence, prevent plaintiff from obtaining an allowance for it. But it was in 1857 or 1858, that Warner let Grimmell have the scrip; and as one of the notes in suit was executed by Warner to Grimmell in 1860, for a balance due on a prior note, the presumption is that the scrip was then settled for. This presumption was not overcome by evidence.

III. It is claimed that the court erred in not allowing defendant damages, on account of representations made by the testator to the defendant at the time of the sale and purchase of the lots, with respect to the plat and streets. These representations may be conceded to be reasonably well established; and if the testimony warranted it, or afforded any data for it, we should be inclined to award damages in respect thereof. Only two witnesses on this point were examined, Newell for defendant, and Norris for plaintiff. Newell gives it as his opinion that the damages were $1,000 or over; and Norris swears that the lots purchased would be of just as much value without the street (which if laid would not have adjoined the lots, which already abutted on two streets) there as with it. And here the evidence stops. The burden of proof upon this point is upon the defendant, and his case was not established, nor any reliable data given to enable the court to fix the amount of damages. On this subject we may observe that the court did not err in excluding the evidence of Viezie and King, that the testator made similar declarations about a street to them, not in the presence of the defendant, and if admitted, it would not have supplied the want of proof as to the *quantum* of damages.

*3. EVI-DENCE: damages: burden of proof.*

IV. The plaintiff was not bound, as a condition precedent, to maintain her action and obtain a decree to tender a deed before suit brought. This is settled in just such a case (equity proceeding to foreclose

*4. TENDER: foreclosure of bond.*

title bond) by *Rutherford* v. *Haven & Co.*, 11 Iowa, 587. As to tender by vendee, see *Laverty* v. *Hull*, 19 Iowa.

The court in the case at bar, very properly protected the defendant, by making an order that a deed be deposited with the clerk for him, to be delivered upon payment of the purchase-money.

In one respect, however, this decree was erroneous, viz. :

5. CONVEY-ANCE: exe-cutrix and devisee.

in requiring this deed to be executed by the plaintiff *as executrix* instead of devisee, with power as such to convey under the will.

V. There was no error in awarding a general execution

6. FORECLO-SURE: bond: gen-eral execu-tion.

for any balance remaining after a sale of the property on special execution. With the modification above, the decree of the District Court is affirmed, appellee paying costs of this court.

Affirmed.