C. D. BOYNTON v. LUCY M. SALINGER, B. I. SALINGER
ET AL., Appellants.

**Vendor and vendee:** FORECLOSURE OF CONTRACT: PLEADINGS: MISJOINDER OF CAUSES. A vendor of property upon a contract for payment of the purchase price in installments, may, upon default of payment, bring his action to foreclose the contract and ask that the purchaser be required to perform, or that his interest in the property be foreclosed and sold, and the pleading will not be subject to the objection that there was a misjoinder of causes of action.

**Same:** PLEADINGS: TENDER OF DEED. A vendor of property in seeking to enforce payment by foreclosure of the contract need not allege tender of a deed conveying the property, nor need he tender the deed, although a different rule would prevail in a law action.

**Same:** PLEADINGS: FORMER OWNERSHIP: PROOF OF SAME. Although the vendor of property in seeking to enforce the contract by foreclosure may have alleged that prior to execution of the contract he was the owner of the property, yet where defendant admitted the contract, alleged possession thereunder, and the only further obligation of the vendor was the execution of a deed to the property, proof of former ownership was not essential to a *prima facie* case for plaintiff.

**Same:** PAYMENT IN INSTALLMENTS: LIMITATION OF ACTION. Under a contract for the sale of property providing that the purchase price shall be paid in installments on or before a specified date, a right of action accrues upon each installment as the same falls due, and the statute of limitation commences to run against an action thereon from that date; and unless action is instituted within ten years from that date the bar of the statute becomes effectual, even though subsequent installments are not then barred.

**Same:** ADVERSE POSSESSION. A vendee of property in possession under a contract providing that he shall acquire title only upon performance of its conditions, can not, prior to performance or prior to a time when enforcement of the conditions of the contract is barred by limitation, assert a claim of adverse possession against his vendor.

**Same:** PAYMENT: APPLICATION. Under a contract for the purchase
6 of property and payment in installments, payments made without
application by either party prior to the time when part of the
installments are barred, can not be so applied by the parties
after suit is commenced to foreclose the contract; but equity
will make the application on the installments first maturing,
although barred.

**Same:** FORECLOSURE OF CONTRACT: COSTS. Where a contract for the
7 sale of real estate does not provide for the cost of an abstract
of title in case of foreclosure of the contract, the expenses of
the same will not be taxed as a part of the costs.

**Same:** FORECLOSURE OF CONTRACT: PROOF OF TITLE. Where an action
8 to foreclose a non-negotiable contract for the sale of real prop-
erty is brought in the name of one of several vendors named
therein, the presumption is that all of the vendors continue to
be the owners of the contract; and although plaintiff alleges his
ownership, still, where defendant demands strict proof of the
allegation he is required to prove his interest.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH,
Judge.

MONDAY, MAY 16, 1910.

PLAINTIFF alleged his former ownership of lots nine
and ten in block three of Carroll, and that on September
15, 1897, the parties hereto entered into an agreement by
the terms of which C. D. Boynton and Cora B. Boynton
undertook to convey said lots to Lucy M. Salinger, upon
payment of $4,000 in payments as specified; that the first
two installments and several sums had been paid, and
prayed for judgment in the sum of $4,188.33, with in-
terest at seven percent per annum from June 15, 1908.
The defendant answered by admitting the execution of
the contract as alleged, demanding strict proof of plaintiff's
ownership thereof, denying that the contract, save the cred-
its alleged, was wholly unpaid, electing to have payments
credited on the $1,000 last payable, and averred open,
notorious, and adverse, continuous possession of the prop-

erty since September 15, 1897, and that all payments save the last were barred by the statute of limitations. On hearing, the court entered a decree of foreclosure as prayed. The defendants appeal.—*Reversed* and *remanded*.

*L. H. Salinger,* for appellants.

*W. C. Saul,* for appellee.

LADD, J.—The contract for the sale of the lots, with house thereon and furniture therein, was executed September 15, 1897. By its terms, upon the payment of $4,000 as therein provided with interest, .C. D. and Cora B. Boynton agreed to make to Mrs. Salinger "a full warranty deed to said premises covenanting therein against all liens and incumbrances." · Two hundred dollars of the price was paid upon the. execution of the contract, and $800 November 1, 1897. The contract in. fixing the time for payment of the remainder of the purchase price reads: "$1,000 more on or before January 1, 1898; $1,000 more on or before March 1, 1898, and the remaining $1,000 on or before July 1, 1898." The deferred payments were to draw interest at the rate of seven percent per annum and "the said lots are holden to secure" such payments. The plaintiff prayed judgment for the deferred payments, with interest, and that the defendant be "required to perform her contract, or that her interest in said property be foreclosed."

This was not open to the criticism of demanding different and independent remedies; i. e., specific performance and foreclosure. Performance by defendant would have been by payment, and foreclosure is the remedy provided for enforcing this. The prayer did no more than demand that defendant be required to perform by paying the amount due, and that upon failure so to

1. VENDOR AND VENDEE: foreclosure of contract: pleadings: misjoinder of causes.

do, such performance be enforced through foreclosure proceedings, and therein was in strict compliance with section 4297 of the Code, which authorizes the vendor in such case to "file his petition asking the court to require the purchaser to perform his contract or to foreclose and sell his interest in the property." Therein the vendee is to be treated as the mortgagor of the property, and his rights therein foreclosed in a similar manner. Section 4298, Code. Upon ascertaining the amount due, the vendee may pay or allow the property to be disposed of to satisfy the amount owing. There was no error in ruling that there was no misjoinder of causes of action.

II. Appellants challenge the sufficiency of the petition in that it did not allege the tender of a deed conveying the property as a condition precedent to the maintenance of the action, nor tender such deed.

2. SAME: pleadings: tender of deed.

Until full payment the vendors were under no obligation to convey, and for this reason such allegations were not necessary. *Stevenson v. Polk,* 71 Iowa, 278; *Grimmell v. Warner,* 21 Iowa, 11. Had the case been at law a different rule would prevail, for payment ought not to be exacted without requiring the execution of the conveyance as a condition, and such provision may be and is proper to be incorporated in the decree of foreclosure. *Wall v. Ambler,* 11 Iowa, 274.

III. The petition alleged that prior to the execution of the contract plaintiff was owner of the lots, and exception is taken to the decree because of the omission

3. SAME: pleadings: former ownership: proof of same.

to introduce proof of title. Suit was based on the stipulations of the contract and their breach. The defendant admitted the execution thereof, and that she had taken possession thereunder. All exacted of the vendors thereafter was the execution of a deed such as stipulated; and, even though plaintiff may have alleged former ownership of the lots, this was

not an element essential to be established in order to make out a *prima facie* case for relief as prayed.

　IV. This action was begun by the service of an original notice, June 29, 1908, more than ten years after the payments to be made January 1 and March 1, 1898, became due, but a few days before the maturity of the payment of July 1st of that year. The defendant pleaded the statute of limitations in bar of all save the last payment.

4. SAME:
payment in
installments:
limitation
of action.

In this state the mortgage is an incident to the debt, and an action to foreclose is barred by the statute of limitations if then the statute has run against the debt. *Newman v. De Lorimer,* 19 Iowa, 244; *Gower v. Winchester,* 33 Iowa, 308; *Smith v. Foster,* 44 Iowa, 442. The same rule prevails in an action to foreclose a contract or bond for the sale of real estate; that is, if an action on the payments stipulated is barred, the statute may be successfully pleaded against an action to foreclose. *Day v. Baldwin,* 34 Iowa, 380. The point was not involved in *Burdick v. Wentworth,* 42 Iowa, 440, nor in *Austin v. Wilson,* 46 Iowa, 363, relied on by appellee. Both were actions of right, and all held was that in such actions the legal title will prevail over equitable interests. Our inquiry then may be limited to ascertaining whether the statute of limitations has run against any part of the purchase price claimed. Where a note or bill is made payable in installments, the statute attaches, and begins to run upon each installment as it becomes due, though the rule seems to be otherwise with reference to interest payable annually. Wood, Limitations, section 126; *Bush v. Stowell,* 71 Pa. 208 (10 Am. Rep. 694); *Burnham v. Brown,* 23 Me. 400; *Heywood v. Perrin,* 10 Pick. (Mass.) 228 (20 Am. Dec. 518); *Napa Valley Wine Co. v. Daubner,* 63 Minn. 112 (65 N. W. 143). This, also, is true of other contracts. *Miles v. Kelly* (Tex. Civ. App.), 25 S. W. 724; *Davis v. Herrington,* 53 Ark. 5 (13 S. W. 215); *Wood*

*v. Cullen,* 13 Minn. 397 (Gil. 365); *De Uprey v. De Uprey,* 23 Cal. 352; *Morrill v. County* (Tex. Civ. App.), 33 S. W. 899; *Tucker v. Randall,* 2 Mass. 283; *Foxell v. Fletcher,* 87 N. Y. 480; *Bartel v. Mathias,* 19 Or. 482 (24 Pac. 918); *Cocke v. Stewart,* 2 Tenn., 232.

At the common law, an action of debt might not be maintained until all the installments had matured. 13 Cyc. 411. But in other forms of action, a different rule prevailed. In *Bush v. Stowell, supra,* the suit was in assumpsit on a joint promissory note for an amount specified, "one-fourth of the principal and the interest on the whole sum, on the first of June next and the balance in three equal yearly payments," and the court, speaking through Sharswood, J., said: "Lord Coke announced the distinction between actions of debt and of covenant or assumpsit upon an agreement to pay a sum of money by installments, which has been recognized and followed since: 'If a man be bound in a bond or by contract to another to pay a hundred pounds at five several days, he shall not have an action of debt before the last day be passed.' 'But if a man be bound in a recognizance to pay a hundred pounds at five several days, presently after the first day of payment, he shall have execution upon recognizance for that sum, and shall not tarry till the last be passed, for that it is in the nature of several judgments.' 'And so it is of a covenant and promise; after the first default, an action of covenant or an action upon the case doth lie, for they are several in their nature.' Coke Littleton, 292b. Lord Loughborough reviewed all the law on this subject in *Rudder v. Price,* 1 H. Bl. 547, in which it was held that an action of debt will not lie on a promissory note, payable by installments, till the last day of payment be passed. He shows that prior to the case of *Cooks v. Whorwood,* 2 Saund. 337, it was the uniform course, where an action of assumpsit was brought before all the installments were due, to allow a recovery

in damages for those still to accrue and become due, upon the notion that after a judgment on the contract no further recovery could be had. *Beckwith v. Nott,* Cro. Jac. 504; *Peck v. Ambler,* Dyer, 113, and note; *Milles v. Milles,* Cro. C. 241. But in *Cooks v. Whorwood,* which was assumpsit to perform an award to pay money in installments, it was objected that all the days of payment were not past; but the court of King's Bench, Sir Matthew Hale being then Chief Justice, was clear that the action might be brought for such money only as was due at the time of bringing the action, and the plaintiff could recover damages accordingly; and when another sum of the money awarded should become due, the plaintiff might commence a new action for that also, and so *toties quoties.* The law must now be considered as settled in conformity to this doctrine." The action on three installments was held to be barred for the reason that the action was in assumpsit, and not in debt. We are no longer concerned with the subtle distinctions between the different forms of action at common law which our ancestors seemed to delight in, for all forms of action have been abolished in this state, and all essential is that the pleader make a plain statement of the facts, without legal conclusions, upon which he relies. Section 3426, Code; *Mentzer v. Telegraph Co.,* 93 Iowa, 752.

Of course, the grounds for or causes of action remain as before, the procedure alone having been changed, and the remedy is no longer denied for no other reason than that one form of action has been chosen by the pleader instead of another. That an action of debt might not have been maintained at the common law on an instrument payable in installments, before all of these had matured, no longer will justify its abatement as prematurely brought, if an action in assumpsit or on the case might have been maintained thereon. And so in a suit like this, it was decided long ago that, in order to maintain

an action on an installment of the purchase price, it is not necessary to wait till all the installments have become due. *Tupple v. Viers,* 14 Iowa, 515. And this is in harmony with the decision with reference to the foreclosure of mortgages; suits therefor being maintainable where the debt is payable in installments, though one or more of them have not matured. 2 Jones on Mortgages, section 1459; *Todd v. Davey,* 60 Iowa, 532; *Poweshiek Co. v. Dennison,* 36 Iowa, 244. In the first of these cases, a sale under a foreclosure of the mortgage on one installment due was held to exhaust the mortgagee's remedy against the land, following a like conclusion with reference to a sale under the foreclosure of a contract for the sale of land announced in the last, but it does not follow that a sale of part of the premises might not have been effected without discharging the mortgage or contract as to the remainder, or that had value been bid and paid at the sale, any balance might not have been retained by the court until other payments matured. 2 Jones on Mortgages, sections 1577, 1700. As against mortgagee or vendor, then, the circumstance of a cause of action accruing as each installment becomes due does not in event of maintenance of suit on each necessarily involve loss of security. A cause of action accrues upon the maturity of each installment, and recovery thereon, either at law or by foreclosure of mortgage or vendor's contract is barred by the lapse of ten years. *Bissell v. Forbes,* 1 Cal. App. 606 (82 Pac. 698); *George v. Butler,* 26 Wash. 456 (27 Pac. 263, 57 L. R. A. 396, 90 Am. St. Rep. 756); *Naves v. Ball,* 66 Neb. 606 (92 N. W. 571); Wood, Limitations, section 224. The contract fixed the purchase price at $4,000, and provided that the vendee "shall pay party of the first part $200 when the contract is executed, acknowledged and one of the duplicates delivered to her; $800 more by November 1. 1897, at which time second party shall be

given possession; $1,000 on or before January 1, 1898; $1,000 more on or before March 1, 1898, and the remaining $1,000 on or before July 1, 1898. All of said deferred payments coming due after possession is given shall draw interest from the time possession is given until paid at seven percent per annum. When the full $4,000 is paid with all the interest that may accrue, C. D. Boynton and Cora B. Boynton shall make to Lucy M. Salinger a full warranty deed to said premises, covenanting therein against all liens and incumbrances. The said lots are holden to secure the payments herein stipulated for."

It will be observed that each of the last three payments were to be made on or before a specified date, that "deferred payments" were to draw interest after possession was taken, and that the security was of the "payments." Action might have been maintained on either of those falling due January 1, and March 1, 1898, at any time after the latter date; and, as this was more than ten years prior to the beginning of this suit, the plea as to these should have been sustained.

V. The parties stipulated that defendant went into possession under and by virtue of the contract November 1, 1897, and that she had since occupied the premises as a homestead. This being so, her possession when taken was consistent with, and not adverse to, the claim of the plaintiff. The vendee in such a case is not a tenant or trespasser, but a purchaser under an executory contract, which in terms acknowledges title in the vendor, and expressly stipulates the manner of divesting him thereof; i. e., by paying the purchase price. He holds in subordination to his vendor until the conditions are complied with. *Swartwout v. Johnson*, 5 Cow. (N. Y.) 74, (15 Am. Dec. 433); Wood, Limitation, section 259; *Bellingham Bay Land Co. v. Dibble*, 4 Wash. 764 (31 Pac. 30); *Potts v. Coleman*, 67 Ala. 221; *Long v. Kansas City Stockyards*, 107 Mo.

5. SAME: adverse possession.

298 (17 S. W. 656, 28 Am. St. Rep. 413) ; *Avent v. Ar-*
*rington,* 105 N. C. 337 (10 S. E. 991) ; *Jasperson v.*
*Scharnikow,* 150 Fed. 571 (80 C. C. A. 373, 15 L. R. A.
(N. S.) 1236.) But such purchaser may protect his in-
terest by acquiring an outstanding title, even as against the
vendor. *Watkins v. Holman,* 16 Pet. 25 (10 L. Ed. 873.)
And in this state and Alabama it has been held that a
vendee, who has purchased from a vendor and received con-
veyance though his vendor holds under an executory con-
tract of purchase, may successfully interpose a plea of ad-
verse possession against the original vendor, even though
the original vendee has not fully performed. *State v. Con-*
*ner,* 69 Ala. 212; *Tayloe v. Dugger,* 66 Ala. 444; *Mont-*
*gomery Co. v. Severson,* 64 Iowa, 326. This is on the
ground that, even though the possession of the last vendee
might have been subordinate to the claims of his ven-
dor, it may be said to have been adverse to all others.
In the last case the county had contracted to sell cer-
tain swamp lands to the American Immigrant Company,
and the latter had executed agreements to convey to
certain purchasers upon payment of the purchase price.
This having been paid and conveyances made by the
company, the court held the purchaser's possession to
have been adverse from its inception to any claim by
the county against its vendee. As to whether the pur-
chasers held adversely to their vendor, the American Immi-
grant Company, vendee of the county, was not involved
in the case, though some language in the supplemental
opinion might be construed otherwise. The point was
not controlling in *Knudson v. Litchfield,* 87 Iowa, 111.
See *Austin v. Wilson,* 46 Iowa, 362. Even though *Mont-*
*gomery County v. Stevenson, supra,* be sound, it does not
follow that a vendee may base a claim of adverse possession
on a contract in pursuance of which he has entered posses-
sion, on the express stipulation that he is to acquire title
only upon the performance of its conditions, the enforce-

ment of which conditions has not become barred by the statute of limitations. It is elementary that adverse possession must be accompanied with positive and exclusive claim of the entire title, and if the title claimed be subordinate to or admits the existence of a superior title, the possession will not be regarded as adverse to that title. The decisions cited and others support this conclusion; and, without further elaboration, we conclude that this defense was rightly eliminated.

VI. Several payments had been made—$400, April 6, 1898, $100, February 1, 1899, $600, August 4, 1900—but these had not been applied by either party. This being so, it was too late for either to elect after suit was begun upon which installments these payments should be applied. Ordinarily such payments are to be applied on indebtedness first maturing, and as this appears equitable, the several amounts will be regarded as having satisfied in part the installments barred by the statute of limitations.

6. SAME:
payment:
application.

VII. The exception to the taxation of an abstractor's fee as part of the costs is sustained. Neither the contract nor any statute authorized this. The section of the Code on which appellee relies relates to actions for the recovery of real property, and not to foreclosure suits.

7. SAME:
foreclosure
of contract:
costs.

VIII. The petition alleged the contract to be the property of plaintiff. The defendant admitted the due execution thereof, but demanded strict proof of the allegation of ownership. The contract does not appear to have been introduced in evidence. But it was not negotiable, and from the circumstances of its having originally belonged to the vendors therein named, it may be inferred that they continue to be owners thereof. But there was no proof that Cora B. Boynton had transferred her interests therein to plaintiff, nor of the extent of the in-

8. SAME:
foreclosure
of contract:
proof of
title

terest óf each. In these circumstances a decree, if entered, must necessarily rest on presumptions which might prove contradictory to the condition of the title and the relief prove unsatisfactory to either party. As a different decree necessarily must be entered, and adequate relief may not be awarded save by making Cora B. Boynton a party plaintiff or defendant, or introducing proof of the transfer of her interest in the contract to plaintiff, we have concluded to remand the cause, with directions that plaintiff be allowed to bring in Cora B. Boynton as a party to the action, and hearing be had as to any issues raised thereby, or, if this be not done, additional evidence bearing on the ownership or transfer of the contract by either party. Thereupon a decree not inconsistent with this opinion may be entered.—*Reversed* and *remanded.*