JESSIE M. HUIE, Appellee, v. M. FALDE, Appellant.

SPECIFIC PERFORMANCE: Tender of Deed. Tender of deed in the pleadings and on the trial is all-sufficient when, under the contract, the vendee was not entitled to a deed until he had paid the vendor the entire purchase price.

*Appeal from Sioux District Court.*—WILLIAM HUTCHINSON, Judge.

FEBRUARY 12, 1924.

ACTION for specific performance by the vendor against the vendee. Decree as prayed, and the vendee appeals.—*Affirmed.*

*C. E. Gantt,* for appellant.

*Klay & Klay,* for appellee.

FAVILLE, J.—On March 31, 1920, appellant and appellee's assignor entered into a written contract for the sale of certain real estate in the town of Rock Valley, Iowa. The consideration recited in said contract for the purchase of said premises was $8,000. The sum of $1,000 was paid in cash upon the execution of the contract, and the balance was to be paid in three installments. None of said deferred payments having been made, this action for specific performance was instituted, October 6, 1921.

But one question is involved in this appeal, and that is whether or not, under the facts of this case, appellee can maintain an action for specific performance without having first tendered to appellant a deed to the premises in controversy.

The contract between the parties provides that time is of the essence of the contract. It also contains a provision that the "party of the first part agrees to sell to party of the second part on the performance of the agreements of the party of the first part as hereinafter mentioned." The contract further provides that:

"* * * if all payments of principal, interest, and taxes are paid promptly at the time and place above set out, the party of the first part will, on receiving such principal and interest, execute and deliver at his own cost and expense a warranty deed and furnish an abstract of the above described premises."

The petition of appellee alleges that:

"* * * the defendant has wholly failed and refused to carry out the terms of said contract, and has notified plaintiff and he repudiated his obligations thereunder, although the plaintiff has repeatedly notified and informed the defendant that she is still ready, willing, and able to carry out and perform said written contract in good faith on her part, and that the plaintiff is willing to do and perform each and every matter and thing required to do according to the terms of her said contract, and insists on the performance thereof in so far as the defendant is concerned, and that the plaintiff hereby and now offers and tenders to do each and every matter and thing of her required to be done in fulfillment of said contract on her part, including the tender and delivery of them and sufficient warranty deed conveying the above described premises."

It is conceded by appellant that an abstract of title to the premises was delivered to appellant and that no objections were made thereto. It also appears without dispute in the record that appellee and her husband executed a warranty deed to said premises, as required by said contract, conveying said premises to appellant, which deed was produced upon the trial and tendered to appellant.

It is true, as a general rule, that a plaintiff suing for specific performance of a contract must allege that he has performed

all of the conditions of the contract on his part, or has tendered performance of all of such conditions before the action was commenced, and upon trial must prove these material allegations of his petition. *Dierksen v. Pahl,* 194 Iowa 713; *Billick v. Davenport,* 164 Iowa 105; *Totty v. Harris,* 82 Iowa 645; *Goettsch v. Weseman,* 185 Iowa 1213; *Waters v. Pearson,* 163 Iowa 391; *Button Land Co. v. Noon,* 163 Iowa 547.

This rule, however, must be applied according to the facts of each particular case. In the case at bar, the contract provides that the vendor is to convey *"on the performance of the agreements of the party of the second part."* It is also provided that, if all payments are made promptly at the time and place provided, the party of the first part will, "on receiving such principal and interest, execute and deliver at his own cost and expense a warranty deed" to the premises. It is alleged, and the evidence tends to sustain the contention, that appellee had repeatedly notified and informed appellant that appellee was ready, willing, and able to carry out and perform the contract on her part. An abstract was in fact furnished, and a tender of the deed was made in the petition and upon the trial. Appellant did not offer any evidence.

Under the terms of this contract, appellee was not required to tender performance in order to place appellant in default. The agreement was that the party of the first part was to convey "on the performance of the agreements of the party of the second part," and it was further provided that appellee was to execute and deliver deed "on receiving such principal and interest." Appellant failed to comply with the contract, upon demand by appellee so to do. Appellee was not required to perform, except "on receiving such principal and interest," and "on performance" by the appellant.

We are of the opinion that appellee could maintain the action for specific performance against the vendee without actually executing and tendering to the vendee a deed to the premises in controversy under this contract, and that, under the facts shown, appellant was in default, and the tender of deed in the petition and upon trial was sufficient. See *Rutherford v. Haven & Co.,* 11 Iowa 587; *Winton v. Sherman,* 20 Iowa 295;

*Grimmell v. Warner*, 21 Iowa 11; *Boynton v. Salinger*, 147 Iowa 537; *Stevenson v. Polk*, 71 Iowa 278.

It is to be noted that the action is in equity, and not at law.

The decree of the district court was correct, and the cause is—*Affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.