INEZ A. MARTIN, Executrix, et al., Appellants, v. CHARLES C. WORK, Appellee.

**VENDOR AND PURCHASER:** Construction of Contract—Affirmative Action to Avoid Default. *A contract for a deed which (1) provides*

for a forfeiture of vendee's right in case of nonpayment of the purchase price, (2) makes time the essence of the contract, and (3) provides that, if the *vendee* makes a specified payment at a specified time, the vendor will *then* furnish the proper abstract and deliver a specified deed, imposes no obligation on the vendor to tender the deed and abstract at the said specified time. On the contrary, under such a contract vendee must make or tender his payment at the specified time and demand the proper transfer papers, or he will be in default and the contract subject to forfeiture.

**Headnote 1:** 39 Cyc. p. 1330.

*Appeal from Washington District Court.*—D. W. Hamilton, Judge.

December 15, 1925.

Rehearing Denied February 19, 1926.

Three suits are consolidated in one action. A decree was entered for the defendant. The facts appear in the opinion.— *Reversed.*

*Willcockson & Willcockson* and *Livingston & Eicher*, for appellants.

*C. C. Heninger*, for appellee.

Faville, C. J.—Appellant's testator was one J. S. Martin, who was the original plaintiff in the actions involved in this appeal. Appellant has been substituted for said testator. We refer to appellant as though she were the original plaintiff.

On November 6, 1919, appellant and appellee entered into a contract in writing, denominated a bond for a deed, whereby appellant agreed to sell and convey to appellee certain described real estate for the sum of $18,255. The contract provided for the payment of $2,500 upon the execution of the contract, and said amount was paid at said time by the vendee to the vendor. The contract also provided for the payment of an additional $2,500 on or before March 1, 1921, the same to be evidenced by a promissory note. The contract then contained the following provision:

"Now the conditions of the obligations are such that if the said Charles C. Work, will pay or cause to be paid the principal and interest of said note at maturity and shall in the meantime pay all taxes which shall hereafter accrue upon said real estate, then the above bounden J. S. Martin shall make, execute and deliver, or cause to be made, executed and delivered unto the said Charles C. Work, or his assigns, or legal representatives a good and sufficient warranty deed and abstract showing merchantable title or record, to the above described real estate, then this obligation to be null and void, otherwise to remain in full force and virtue."

The contract also provided:

"It is hereby expressly agreed by and between the parties hereto that if the said Charles C. Work shall fail to make the payments of aforesaid or any of them, punctually and upon the strict terms and times above limited and likewise to perform and complete all and each of his agreements and stipulations aforesaid, strictly and literally, without any failure or default, the times of the payments being the essence of this contract. Then the said J. S. Martin shall have the right to declare this contract null and void, and all rights and interests hereby created, or then existing, in favor of the said Charles C. Work, or derived under this contract, shall utterly cease and determine. And the premises hereby contracted shall revert to and revest in the said J. S. Martin without any declaration of forfeiture, or action, or re-entry, or without any other act by the said J. S. Martin to be performed, and without any right of said Charles C. Work, or reclamation, or compensation for moneys paid or improvements made as absolutely, full and perfectly as if this contract had never been made."

A further provision of the contract was:

"It is further agreed that the said Charles C. Work shall have the privilege of cutting timber on the place providing the net profits from the sale of said timber shall be applied on the foregoing contract."

Appellee took possession of the real estate shortly after the date of the contract, in November of 1919. The record shows that appellee began cutting wood upon the place in 1919, and continued to do so at intervals thereafter, until the fore part of

the year 1921. In January, 1921, the first of the suits involved in this appeal was instituted by appellant, and in said action appellant sought an injunction to restrain appellee from cutting, removing, and selling timber from the real estate in question.

Neither party tendered performance of the contract on March 1, 1921, which was the settlement date. On March 2, 1921, appellant served upon appellee a notice of intention to terminate said contract and to forfeit all rights thereunder and all payments made in pursuance thereof by appellee, upon the expiration of thirty days from said date.

On April 6, 1921, appellant instituted an action at law to recover possession of the real estate involved, and on the same date started the third suit involved in this action, being one for the appointment of a receiver for said property pending the determination of this litigation.

Appellee filed a cross-petition, alleging his intention to rescind said contract, and tendered possession of the lands in surrender of his contract, and prayed judgment for the initial payment, with interest, and for valuable improvements placed on the premises by him while in possession thereof.

By agreement of parties, the three causes were consolidated and tried to the  court, and a decree was entered awarding appellee judgment against appellant for the $2,500 cash payment, with interest thereon from the date of said payment, to wit, November 6, 1919; and also awarding judgment in favor of appellee and against appellant for money expended and labor performed in making improvements upon the said real estate while appellee was in possession thereof, in the sum of $864.94; also allowing appellee attorney's fees and costs, and establishing said judgment as a lien on said real estate, and ordering that the contract between the parties be canceled, set aside, and held for naught.

The fundamental question in this case turns upon the construction of the, contract in question, as applied to the right claimed by appellant to give notice of intention and declare a forfeiture for nonperformance by appellee. Appellee contends that appellant could not declare a forfeiture of said contract or place appellee in default without first tendering to appellee performance of the contract on his part, by the tender of a good

and sufficient deed to appellee, together with an abstract of title to said premises.

In considering this question we are governed by the particular language of the contract in suit. It is obvious that a contract for the sale of real estate may be so worded as to require a tender on the part of the vendor before he is in a position to place the vendee in default. Such contracts are frequent. The contract involved in this case contained no such provision, however. It contains a recital of the purchase price and a description of the premises, and then sets forth the conditions of the obligation of the bond. The express language of the contract is:

"Now the conditions of the obligation are such that if the said Charles C. Work will pay or cause to be paid the principal and interest of said note at maturity and shall in the meantime pay all taxes which shall hereafter accrue upon said real estate, *then* the above bounden J. S. Martin shall make, execute and deliver, or cause to be made, executed and delivered unto the said Charles C. Work, or his assigns, or legal representatives a good and sufficient warranty deed and abstract showing merchantable title of record to the above described real estate."

It is also provided that, if said vendee "shall fail to make the payments provided for, or any of them, punctually and upon the strict terms and times" set forth in the contract, time of the payments being of the essence of the contract, *then* the vendor "shall have the right to declare this contract null and void, and all rights and interests hereby created, or then existing, in favor of the said Charles C. Work, or derived under this contract, shall utterly cease and determine."

No affirmative act was required upon the part of the vendor to place the vendee in default under the terms and provisions of this contract. By the express terms of the written instrument, it was only upon the performance of the conditions specified, on the part of the vendee, that the vendor was to "then" deliver to the vendee a good and sufficient deed and an abstract showing merchantable title. The vendor was not in default for failure to tender deed and abstract before the vendee performed, because the contract contained no such provision and placed no such requirement upon him. Time was made of the essence of

the contract, and the vendee, under its terms, was required to perform, or tender performance, on his part at the time specified in the contract, in order to put the vendor in default. Upon his failure so to do, the contract itself provided that all rights he had acquired under the contract should, at the option of the vendor, cease and determine, including a forfeiture of the payment made.

Competent parties have the undoubted right to make a contract in this form, and .the court cannot read into it terms and provisions beneficial to either party which the parties thereto had not seen fit to incorporate into the written instrument. A similar contract was considered by us in the recent case of *Huie v. Falde*, 197 Iowa 289, and the conclusion therein announced is applicable to the situation in the instant case. We said, in said case:

"Under the terms of this contract, appellee was not required to tender performance in order to place appellant in default. The agreement was that the party of the first part was to convey 'on the performance of the agreements of the party of the second part,' and it was further provided that appellee was to execute and deliver deed 'on receiving such principal and interest.' Appellant failed to comply with the contract, upon demand by appellee so to do. Appellee was not required to perform, except 'on receiving such principal and interest,' and 'on performance' by the appellant."

The record satisfies us that appellant was ready and able to perform by delivery of deed and abstract upon performance by appellee. The forfeiture of the contract by appellant was by proper notice and in pursuance of the terms of the contract, and under the provisions of Sections 4299 and 4300, Code of 1897. There was no attempted rescission of the contract by appellee until after the forfeiture was complete. There was no mutual abandonment of the contract.

Appellee contends that, under the terms of the contract, he was entitled to rescind if appellant failed to tender deed and abstract on settlement day. As we have seen, appellant was not required to tender deed and abstract upon settlement day, under this contract, and hence appellant was not in default; and appellee never took any action, by tender of performance or other-

wise, to put appellant in default until after the contract had been forfeited under its terms and by the action of appellant under the statute.

We see no escape from the conclusion that the contract must be upheld according to its express terms and provisions. The court erred in denying appellant relief and in granting appellee the relief awarded in the decree. Appellant was entitled to a decree for possession of the premises in controversy. Appellee's cross-petition should have been dismissed.

As bearing on the question discussed, see *McLain v. Smith,* 201 Iowa 89.

The decree is reversed, and the cause will be remanded to the district court for decree in accordance with this opinion; or appellant may have decree entered in this court, as he may elect. —*Reversed.*

EVANS, ALBERT, and MORLING, JJ., concur.