W. H. BORTZ, Administrator, Appellee, v. L. C. WRIGHT et al., Appellants.

JULY 1, 1927.

REHEARING DENIED SEPTEMBER 28, 1928.

*B. I. Salinger* and *J. B. McCrary*, for appellants.

*E. G. Graham*, for appellee.

FAVILLE, J.—On or about June 25, 1919, appellee's intestate, one Albert Bortz, and his wife entered into a written contract with appellants L. C. Wright and R. E. Kirkham, by which

 the said Bortz agreed to convey certain real estate to the said appellants, upon payment of certain specified consideration therefor. Prior to the commencement of this action, Albert Bortz died, and the appellee is the duly appointed administrator of his estate, and instituted this action in pursuance to an order of court authorizing him to bring the same. A large number of errors are assigned, all of which may be embraced within two basic propositions: (1) It is contended that appellee never put the appellants in default by tender of a proper abstract and deed; and (2) that appellee failed to establish his ability to convey the premises by good title.

I. Sections 12382 and 12383, Code of 1924, are as follows:

"12382. In cases where the vendor of real estate has given a bond or other writing to convey the same on payment of the purchase money, and such money or any part thereof remains unpaid after the day fixed for payment, whether time is or is not of the essence of the contract, the vendor may file his petition asking the court to require the purchaser to perform his contract, or to foreclose and sell his interest in the property.

"12383. The vendee shall in such cases, for the purpose of the foreclosure, be treated as a mortgagor of the property purchased, and his rights may be foreclosed in a similar manner."

This action is brought under the provisions of these sections. It is to be noted that the action is not one at law, to recover the purchase price due, nor for specific performance, but is to foreclose a land contract. The appellants offered no evidence whatever. There can be no question, under the record, that, at the time of the commencement of this action and at all times thereafter, the appellants were in default. Their contract required them to perform on March 1, 1920. Before settlement day,— to wit, in January, 1920,—the appellants commenced an action to cancel and set aside the contract, which cause was eventually decided adversely to the appellants' contention. This action was pending on settlement day. There is no claim that at any time the appellants have performed or tendered performance of the contract on their part, but they have consistently sought to avoid liability under the contract, and endeavored to vacate, cancel, and set aside said contract. In this situation, it was

unnecessary for the appellee to tender performance on his part for the sole purpose of placing the appellants in default. They were in default in fact, without any such tender or without any demand.

The question at this point, in view of this record, the appellants being in fact in default, is whether or not the appellee,  even though not required to tender performance to place appellants in default, was required to tender performance on his part, as a prerequisite to the right to maintain this action of foreclosure.

First, as to the tender of a deed. Conceding, for the sake of the argument, but without deciding, that a tender of a deed, under certain circumstances, may be essential, as a prerequisite to the maintenance of a suit to foreclose a contract of the character of the one in question, the appellants' contention is without merit, under the record in this case. The contract provides:

"But if the sums of money shall have been paid, and other conditions complied with by the party of the second part, as above specified, the party of the first part will, at the date above provided for the giving of possession of said premises, execute and deliver to the party of the second part a warranty deed to said premises, as above agreed."

Under the terms of this contract, the appellee was not required to tender performance, in order to be in a position to maintain this action in foreclosure. The express terms of the contract are that the sums of money are to be paid, and the other conditions of the contract complied with by the appellants, before a deed is due from the vendor; and it is only upon the performance of such conditions that the vendor bound himself to execute and deliver a warranty deed. Appellee was not required to perform, except upon the condition that the contract had been complied with by the party of the second part. This is the express provision of the contract itself. Therefore, appellee was not required to tender a deed, under the terms and provisions of this contract. *Huie v. Falde*, 197 Iowa 289; *Martin v. Work*, 201 Iowa 444.

This action is brought under the express terms and provisions of the statute above quoted. By virtue of the statute, the

vendee is treated as a mortgagor, and his rights are foreclosed in this proceeding in the same manner as though he were a mortgagor. In *Stevenson v. Polk*, 71 Iowa 278, where a similar action was brought, it was contended that the plaintiff-vendor in said action could not maintain the same by foreclosure without a tender of conveyance, as provided in the contract. With respect thereto, we quoted the statute, and said:

"The plaintiffs contend that this action is prosecuted under and in accordance with this statute, and the contention of the defendants is that the action is for specific performance. We are clearly of the opinion that the action is brought under the statute to recover the purchase money of real estate, and to foreclose the interest of the vendee therein, and that no tender of a conveyance is required. This, we think, is apparent, for the reason that the vendee is to be treated as a mortgagor, and his rights to the real estate foreclosed in the same manner; and it has been so held in *Winton v. Sherman*, 20 Iowa 295, and *Montgomery v. Gibbs*, 40 Id. 652. The reason of the rule is that a court of equity can so mould the judgment or decree as to fully protect the rights of the vendee."

In *Boynton v. Salinger*, 147 Iowa 537, an action of foreclosure was brought upon a contract for the sale of real estate. We therein said:

"Appellants challenge the sufficiency of the petition in that it did not allege the tender of a deed conveying the property as a condition precedent to the maintenance of the action, nor tender such deed. Until full payment, the vendors were under no obligation to convey, and for this reason such allegations were not necessary. *Stevenson v. Polk*, 71 Iowa 278, *Grimmell v. Warner*, 21 Iowa 11. Had the case been at law, a different rule would prevail; for payment ought not to be exacted without requiring the execution of the conveyance as a condition, and such provision may be and is proper to be incorporated in the decree of foreclosure. *Wall v. Ambler*, 11 Iowa 274."

See, also, *Rutherford v. Haven & Co.*, 11 Iowa 587; *Winton v. Sherman*, 20 Iowa 295; *Grimmell v. Warner*, 21 Iowa 11; *Huie v. Falde*, supra; *Martin v. Work*, supra.

Furthermore, appellant tendered a good and sufficient deed in the pleading. This was sufficient. *Huie v. Falde*, supra.

Appellants in their answer admitted all the material allegations of the petition except the ownership of the note given for part of the purchase price of the land. This was sufficient to sustain the decree.

A good and sufficient deed was produced and tendered upon the trial and offered in evidence.

II. The contract, after stating the amount to be paid by the appellants as the purchase price of said land, provides as follows:

"Which said sums shall be paid, and all papers, including abstract to be furnished, delivered in fulfillment of this agreement at the office of.............such abstract to be submitted to second party prior to the date of settlement, so as to permit a reasonable time for examination thereof by said party of the second part. First party retains possession of the above described premises until March 1, 1920, and agrees to furnish an abstract continued to said date last mentioned showing a perfect title to said premises, free of all liens and incumbrances, except as herein mentioned."

It is contended that the appellee did not comply with this provision of the contract in regard to the abstract, and that this action of foreclosure could not be maintained without such timely tender of an abstract showing perfect title to said premises.

Conceding, without deciding, that, in an action of this character for foreclosure of a land contract, it was essential for the appellee to allege and prove performance or tender of performance of the contract on his part, in order to maintain the action of foreclosure, we think the record amply sustains the decree of the trial court in this regard. It is to be remembered that tender of performance on the part of the appellee was not essential, in order to place the appellants in *default*. The appellants repudiated the contract, and sought to cancel and vacate the same before settlement day arrived. They were then in default, and were by legal proceedings resisting the right of the appellee to enforce the contract. No tender was necessary, to put them in default, because they were not only in default, but were in defiance. The appellee made a ten-

der of the abstract to the premises at the proper time. The record shows that the tender was made to the attorney of the appellants in the then pending suit for cancellation of the contract, and that the tender was promptly rejected. We do not hold that the tender to the attorney, under the circumstances, was such a tender to the appellants as would necessarily have placed them in default; but the tender was evidence at least of appellee's ability to perform at the day of settlement by furnishing abstract. As before stated, tender of performance was unnecessary on the settlement day, in order to place defendants in default, when they were already actively resisting the contract.

Furthermore, the appellee tendered full performance of the contract in the petition, and this was all that was required in this action for foreclosure of the contract. The trial court had power to fully protect the matter of any rights of the appellants' by the form of the decree. Nothing of the kind was asked.

The answer admits the allegations of the petition in respect to all matters pleaded, except as to the ownership of the notes.

The appellee produced and offered in evidence upon the trial the abstract in question, and, under the situation proven, this was sufficient in this particular form of action for foreclosure.

III. Appellants now contend that the abstract is not an abstract "showing perfect title to said premises," and certain alleged discrepancies are now pointed out therein. At the time that the abstract was offered in evidence, the appellants' objection thereto was as follows:

"The defendants object to all of the said abstract for being immaterial, irrelevant, and incompetent, irrelevant to any issue made by the pleadings or to any issue in fact being tried, not binding on the defendants; it tends to prove nothing which plaintiffs have the burden of proving; it is hearsay, and is not the best evidence; it is inadmissible because it was never tendered as is required by the contract declared on herein, which objection is especially repeated to that part of the abstract which has heretofore been quoted, and as to all parts of it. It is repeated same is not binding on the defendants, and

proves nothing relevant or required to be proved, and is incompetent, it being a conclusion, hearsay, and not the best evidence."

The matters now presented in argument do not appear to have been called to the attention of the trial court in any form. The objections are too general to require us to examine the various transfers shown upon the abstract and to pass upon technical objections now made thereto. The court did not err in admitting the abstract in evidence. It appears upon its face to be a sufficient compliance with the requirements of the contract. The objections of the appellants then made thereto were not a sufficient challenge to the various calls of the abstract to require the court to pass upon its sufficiency. The court had the power to protect any rights regarding the abstract that the appellants might have had by the terms of the decree. None such were suggested to the trial court by the appellants. Upon the entire record, we are constrained to hold that the record as a whole was ample to justify the decree of the trial court, foreclosing the said land contract.

IV, It is contended that there is a failure of proof to show that the appellee or his intestate was the owner of the premises, and therefore entitled to maintain the action in foreclosure. The record showed that, prior to the first day of March, 1920, the premises were conveyed by deed to the appellee's intestate, which at least raised a presumption of ownership in the appellee's intestate. The petition in the instant case tendered full performance of the contract in question. The answer admits the allegations of the petition, except as to the ownership of the note in question. It was not necessary that the plaintiff in this foreclosure action allege that he owned the land. All that plaintiff was seeking in this action was a decree foreclosing the mortgageable interest which the appellants had in the premises, which interest was solely acquired by virtue of the contract in question. We do not think appellants were required, in order to maintain this action, to prove their chain of title from the government. They made a prima-facie showing, which was sufficient in this kind of an action. As bearing somewhat upon the question see *Watts v. Wright*, 201 Iowa 1118. In general,

regarding the matters herein discussed, see *Dimon v. Wright*, 206 Iowa 693.

·The decree of the trial court was fully justified, upon the record in this case, and it must be, and is in all respects,— *Affirmed.*

EVANS, C. J., and STEVENS, DE GRAFF, VERMILION, MORLING, and KINDIG, JJ., concur.