C. A. DIMON et al., Appellees, v. L. C. WRIGHT et al., Appellants.

694

JULY 1, 1927.

REHEARING DENIED SEPTEMBER 28, 1928.

_B. I. Salinger_ and _J. B. McCrary_, for appellants.

_Howard & Sayers_ and _Wilson & Harris_, for appellees.

DE GRAFF, J.—The instant action was originally commenced at law, to recover judgment on an unpaid installment of principal and interest then due on a contract for the sale of real estate. Default in payment was made as to a  subsequent matured installment, and by an amendment to the petition, foreclosure of the contract was prayed for the amount of the installments of principal and interest at that time matured and unpaid. A reformation of the contract was also asked with respect to the date that the abstract of title should be furnished and the deed to the land should be delivered, as the substituted contract inadvertently retained a printed paragraph of the original contract. The contract in question has to do with the sale of 320 acres of land in Greene County, Iowa, at an agreed consideration of $61,000.

The first contract of sale was made in June, 1919, and provided that $10,000 should be paid March 1, 1920. The defendant-vendees were unable to meet the stipulated payment, and on said date a new contract was entered into, which is the contract in suit. This substituted contract provided that $5,000 should be paid (which was paid) on the execution of the agreement, and the balance of the consideration should be made as follows: $3,500 on March 1, 1921, $3,500 on March 1, 1923, and the balance ($49,000) on March 1, 1927, with interest at 6 per cent

per annum until March 1, 1923, on which date the purchasers (defendants) agreed to execute two mortgages on said land, to wit: One for $20,000, to become due March 1, 1927, with interest at the rate of 5½ per cent per annum, and one for $29,000, to become due on March 1, 1927, with interest at 6 per cent. It was further agreed that:

"All papers, including abstract, to be furnished and delivered in fulfillment of this agreement, at the office of S. C. Culbertson, Jefferson, Iowa, such abstract to be submitted to second party (defendant-vendees) prior to the date of settlement so as to permit a reasonable time for examination thereof by said party of the second part."

During the pendency of this action, the vendor and legal title holder, C. A. Dimon, died, and her husband, L. Dimon, was appointed administrator of her estate.

The execution of the contract in suit is admitted, and it is also admitted by the defendants that they failed to make the payments as recited and required to be made under provisions of the contract, and as alleged in the petition and amendments thereto.

The point stressed in argument by the appellants is that the plaintiff did not make a valid and completed tender of deed and abstract before the commencement of this action. Was this a condition precedent? This is an action to foreclose, and it must be conceded that foreclosure may be had for unpaid installments under the contract in question, and such proceeding is "not open to the criticism of demanding different and independent remedies: i. e., specific performance and foreclosure." *Boynton v. Salinger*, 147 Iowa 537. See Sections 12382, 12383, Code of 1924. Furthermore, the vendors were under no legal obligation to allege in their petition the tender of a deed as a condition precedent to the maintenance of this action, "nor tender such deed." *Boynton v. Salinger*, supra. See, also, *Huie v. Falde*, 197 Iowa 289; *Martin v. Work*, 201 Iowa 444.

It may be observed, in passing, that the contract in suit changed the time and the terms of payment provided in the first contract, and by the later agreement, all papers, including the abstract, were to be furnished and delivered "in fulfillment of this agreement" at a definite place, and at a time prior to

the date of settlement, so as to permit the purchaser "a reasonable time for examination thereof." The date of settlement was fixed by the contract: that is to say, upon the performance of the agreement by the vendees, the vendor was obligated to furnish abstract and deed, and thereupon, if the papers were satisfactory, two mortgages were to be executed, covering the land, for the balance of the consideration of $49,000. The execution, delivery, and acceptance of a deed were necessary, in order that mortgages could be executed and delivered by the vendees as per terms of the contract.

On the date of settlement, although the vendors, on and prior to the date of settlement,—to wit, March 1, 1923,—stood ready and willing to deliver abstract of title and deed for inspection and examination by the vendees, the latter at that time were in default, and admittedly so. The fact that the plaintiff-vendors offered evidence to prove what was done relative to the tender of deed and abstract under the provisions of the first contract, does not in any wise affect the result in this case.

The contract under which these tenders had been made, had been abandoned and substituted by the instant contract of March 1, 1920, and, under the terms of the later agreement, title papers were not required to be furnished until "a reasonable time" prior to the date of settlement, which, by the terms of the contract, was March 1, 1923, long after the date of the commencement of the present action.

It is not true, as claimed by the appellants, that this is an action in specific performance. Plaintiffs did not sue for the entire purchase price, but for matured and unpaid installments, with interest. See *Stephenson v. Neppel*, 192 Iowa 246.

The plaintiff was required to plead and prove only what the law requires, to entitle him to relief. Section 11181, Code of 1924. See, also, *Lee v. Coon Rapids Nat. Bank*, 166 Iowa 242; *Security Sav. Bank v. Capp*, 193 Iowa 278; *Watts v. Wright*, 201 Iowa 1118.

The vendor, under the terms of the instant contract, was required to furnish an abstract of title, but only at a time that the vendee was not in default. When that point of time was reached,—to wit, the date of settlement,—the vendor was then obligated to furnish an abstract showing good title, which abstract would be admissible as prima-facie proof of the title

contracted for. There is no other burden upon the vendor to prove his title, as a condition precedent to performance by the vendee, than the production of the abstract contracted for. The plaintiff, however, was under no obligation, at the time of the trial, to produce or offer an abstract of title, and that he did so does not affect the merits of the cause. The abstract is not before us. We do not know to what defects the challenge of the purchaser of the land might be directed. If it were necessary, we would assume, under the contract before us, and in the absence of any showing to the contrary, that the abstract met the requirements of the contract. See *McCormick v. McIntire*, 192 Iowa 746.

There can be no quarrel with the rule that documents called "abstracts of title" may not be used as evidence of the state of title, and that an abstract of title is not competent evidence of conveyance, in the absence of a statute permitting its introduction. In brief, an abstract of title is no evidence of title, and its function is simply to enable the purchaser or his counsel to pass readily upon the state of the title. With this legal principle we are not concerned, under the record facts in the case at bar. Prior to the time that the vendees were entitled to receive an abstract, they had admittedly defaulted the land contract. Apparently they were not looking for any abstract of title, but they now argue that the abstract proves nothing. As said in *Cody v. Wiltse*, 130 Iowa 139:

"In short, the situation presents simply an action by a vendee in default, to recover back the sum paid by him upon the contract price."

This, in fact, is the only fighting issue tendered by the appellants, but on this battle ground the appellants must lose. The reasons are plain. They were admittedly in default for nonperformance, and they have never tendered performance.

A court of equity will not permit a person to profit by his own breach of contract and to benefit by his own wrong. See *Downey v. Riggs*, 102 Iowa 88. The vendees in the instant case held the land in subordination to their vendors until there was a compliance with the conditions of the contract by the vendees. There was no mutual rescission of the contract in suit. There was no default on the part of the vendors, nor

were the vendors incapable or unwilling to perform the contract. There was no fraud. This lawsuit is the consequence of the unexcused default of the vendees in making payments as called for by the contract, and to permit the vendees to recover the initial payment would be the placing of a premium on the violation of contracts. It is clear that the defendant-vendees refused to proceed further with the contract, and thereby waived further performance by the vendor.

One further claim is made by the appellant to the effect that L. Dimon, as administrator of the estate of C. A. Dimon, is not the real party in interest. We discover no merit in this contention. The administrator was the proper party to execute the deed in performance of the contract. Section 12061, Code of 1924. The plaintiff did prove that an application was made to the court for an order authorizing L. Dimon, as administrator, to execute the deed in compliance with the contract, and an order was entered, in harmony with the application. A deed was executed. The introduction of the deed in evidence was an unnecessary thing to do, but it was without prejudice to the defendants, who were, at that time, not entitled to the deed. They were, in fact, resisting the matured payments under the contract.

We reach the conclusion that, under the facts and the legal principles applicable thereto, the decree entered by the trial court should be, and it is,—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, VERMILION, MORLING, and KINDIG, JJ., concur.

ALBERT J., not participating.